**MCGUIREWOODS LLP**
Michael D. Mandel (SBN 216934)
  Email:  mmandel@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Sylvia J. Kim (SBN 258363)
  Email   skim@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone:  415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FRAUSTO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a business entity, form unknown; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Alameda County Superior Court Case No. RG18894308]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**Complaint Filed:**     02/22/2018<br><br>**Complaint Served:**   03/02/2018 |

57582033.3

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant BANK OF AMERICA, N.A. ("Bank of America," "BANA" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Alameda (the "State Court") to the United States District Court for the Northern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, the Class Action Fairness Act of 2005 ("CAFA"), and all other applicable bases for removal. In support of its Notice of Removal, Defendant avers as follows:

## I.   PLEADINGS AND PROCEEDINGS

1. Plaintiff Irma Frausto ("Plaintiff") filed a Complaint against Defendant (the "Complaint") in the State Court on February 2, 2018 styled as *Irma Frausto, individually, and on behalf of all others similarly situated, v. Bank of America, National Association, a business entity, form unknown; and DOES 1 through 10, inclusive*, Case No. RG18894308 (the "State Court Action").

2. On March 2, 2018, Defendant was served with the following documents from the State Court Action, true and correct copies of which are attached hereto as follows:

Exhibit A:   Summons
Exhibit B:   Complaint
Exhibit C:   Civil Case Cover Sheet
Exhibit D:   Notice of Hearing
Exhibit E:   Proof of Service of Summons

3. Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders that have been served on Defendant in the State Court Action.

//

4.     Defendant is informed and believes that BANA is the only defendant that has been served with process in the State Court Action. Defendants Does 1 through 10 have yet to be identified, and thus are to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(a). As such, BANA is the only defendant needed to join and consent to this removal.

**REMOVAL JURISDICTION: CLASS ACTION FAIRNESS ACT ("CAFA")**

5.     Pursuant to 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper under CAFA. Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

6.     As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Northern District of California which is the District Court embracing the place where the State Court Action has been filed.

7.     In accordance with 28 U.S.C. § 1446(d), Defendant will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

8.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court by Defendant, because (1) the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members; (2) there is diversity of citizenship between Plaintiff and Defendant; and (3) the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs.

9.     Plaintiff worked for Bank of America from September 1999 until August 11, 2017. *See* Exh. B, Complaint, at ¶ 13. From 2014 until the termination of her employment, Plaintiff worked as a Treasury Service Specialist, during which time she was classified as a non-exempt employee for the purposes of federal and state wage and hour laws and was paid on an hourly basis. *Id.*

10.    Plaintiff alleges that Defendant failed to: (1) pay her and the putative class members ("PCMs") the correct amount of overtime wage; (2) provide meal breaks and correctly

1  pay meal period premiums for non-compliant meal breaks; (4) authorize and permit rest periods;
2  (5) timely pay all wages upon termination of employment; and (6) furnish accurate wage
3  statements. *Id.* at ¶¶ 13-19.

4      11.    Plaintiff purports to bring this action pursuant to California Code of Civil
5  Procedure § 382 as a class action, and seeks certification on behalf of the following PCMs:

> All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

*See* Exh. B., Complaint, at ¶ 22.

    12.    Plaintiff also seeks class certification of two sub-classes consisting of:

> <u>Meal Period Premium Sub-Class</u>:  All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent and received from any Defendant payment for a bonus and a missed meal period. [sic]

> <u>Late Pay Sub-Class</u>:  All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the class is sent and terminated their employment with any Defendant. [sic]

*See* Exh. B, Complaint, at ¶ 23.

### Citizenship of Parties

    13.    **Plaintiff's Citizenship.**  Defendant is informed and believes and thereupon alleges that, at the time that the State Court Action was filed and at the time that this Notice of Removal is filed, Plaintiff is a resident and citizen of the State of California and has the intent to remain in California.  *See id.* at ¶ 7.  Furthermore, throughout her employment with BANA, Plaintiff's addresses of record were in California.  Indeed, Plaintiff is alleged to have worked and resided in Orange County, California, since approximately September 1999.  *Id.*  Consequently, Defendant is informed and believes and therefore alleges that Plaintiff has the intent to remain in California. *See, e.g.*, *Mondragon v. Capital One Auto Finance*, 776 F.3d 880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California

residential address).

14. **Bank of America, N.A.'s Citizenship.** Pursuant to 28 U.S.C. § 1332(c)(1), Bank of America is a citizen of the State of North Carolina (the location of its main office). Bank of America, N.A. is a national banking association chartered under the laws of the United States, and 28 U.S.C. § 1348 ("Section 1348") governs the citizenship of national banking associations for diversity purposes. Section 1348 provides, in relevant part, that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For the purpose of diversity jurisdiction, a national banking association is "located" only in the state designated in its articles of association as its main office, even though it has branch offices in other states. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317-18 (2006); *U.S. Nat'l Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970); *American Surety Co. v. Bank of Cal.*, 133 F.2d 160 (9th Cir. 1943). Bank of America is headquartered in, has its principal place of business in, and is therefore "located" in North Carolina. Its articles of association designate Charlotte, North Carolina, as the location of its main office. Its principal executive offices, including the office of its President, are located in Charlotte, North Carolina. Furthermore, Bank of America's certificate from the Office of the Comptroller of the Currency ("OCC") states that it is located in Charlotte, North Carolina, and the OCC has issued an Interpretive Letter regarding Bank of America's North Carolina citizenship for purposes of diversity jurisdiction. In short, under the standard set forth in *Wachovia* and *American Surety*, Bank of America's principal place of business is the state of North Carolina. Further, given that Bank of America's headquarters is in Charlotte, North Carolina, that its officers direct, control, and coordinate its activities from there, and that the majority of its executive and administrative functions are performed there, its state of citizenship is North Carolina, and not California, even under the standard set forth in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

15. **Doe Defendants.** The Complaint also names "DOES 1 through 10" as defendants. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Therefore, for purposes of removal with jurisdiction based on 28 U.S.C. § 1332, the citizenship of all of the "Doe" defendants is to be disregarded.

16. Therefore, the diversity of citizenship between Plaintiff (California) and Bank of America (North Carolina) establishes sufficient basis for removal of this action under 28 U.S.C. § 1332.

**Aggregate Membership**

17. According to Plaintiff, the members of the putative class that she purports to represent "are so numerous that joinder of all the members would be unfeasible and impractical." *See* Exh. B, Complaint, at ¶ 26(a). Indeed, Plaintiff alleges that, at the time of the filing of her Complaint, "the Class and each Sub-Class is estimated to be greater than 100 individuals…." *Id.* Thus, the aggregate membership of the proposed class is at least 100 as required under CAFA.

**Amount in Controversy**

18. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

19. Here, Plaintiff does not allege a specific amount in controversy. Thus, the Court must consider as evidence of the amount in controversy that which is "facially apparent" on the Complaint. *See, e.g., Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 984 (S.D. Cal. 2005). A notice of removal may satisfy this burden through plausible allegations, consistent with Fed. R.

Civ. P. 8(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014). Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court. *Id.* at 554. This standard is appropriate even when the complaint fails to allege or seek a specific amount of damages. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-97 (9th Cir. 2015).

20. Plaintiff asserts six causes of action against Defendant based on her allegations that Defendant, as part of an alleged uniform "policy" and "practice":

a. "fail[ed] to pay Plaintiff and the [PCMs] the correct amount of overtime pay in compliance with California Law." *See* Exh. B, Complaint, at ¶ 15;

b. "failed to provide Plaintiff and the [PCMs] with legally compliant meal periods." *Id.* at ¶ 16;

c. "failed to authorize and permit Plaintiff and the [PCMs] to take legally compliant rest periods." *Id.* at ¶ 17;

d. "failed and refused to timely pay Plaintiff and the [PCMs] at the conclusion of their employment all final wages due at termination of employment." *Id.* at ¶ 18; and

e. "failed to furnish Plaintiff and the [PCMs] with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct wage earned for overtime pay, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law)." *Id.* at ¶ 19.

21. Thus, Plaintiff seeks damages and related penalties for *inter alia,* failure to pay overtime wages at the proper rate, failure to provide meal and rest breaks or pay for non-compliant meal and rest breaks, failure to provide accurate wage statements penalties, failure to maintain required records, and failure to timely pay final wages, as well as actual, consequential and incidental losses and damages, and attorneys' fees and costs. *See generally* Exh. B, Complaint and Prayer for Relief.

//

22. While Defendant denies any liability as to Plaintiff's claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $5,000,000. Defendant's establishment of the amount-in-controversy, as set forth below, is based on assumptions for purposes of removal only as to the amounts that Plaintiff could recover if she prevailed on some of her claims.

23. For purposes of this Notice of Removal, Bank of America avers as follows::

 a. At all times relevant to this action, Bank of America has paid non-exempt employees in California their wages on a bi-weekly basis, or 26 pay periods per year.

 b. During the **four-year period** preceding the filing of the Complaint in this action, Bank of America employed at least **33,054 non-exempt employees** in California who worked an aggregate of **2,915,390 workweeks** from February 22, 2014 through February 16, 2018 and were paid an average hourly rate of **$21.92** during that period.

 c. During the **one-year period** preceding the filing of the Complaint in this action, Bank of America employed at least **18,446 non-exempt employees** in California who worked an aggregate of **693,171 workweeks** from February 22, 2017 through February 16, 2018 and were paid an average hourly rate of **$23.13** during that period.

 d. During the **three-year period** preceding the filing of the Complaint in this action, Bank of America employed **12,117 non-exempt employees** in California whose respective employments ended voluntarily or involuntarily between February 22, 2015 and February 16, 2018, and their average hourly rate of pay at the time of their respective separation dates was **$20.06**.

24. **Meal and Rest Break Violation Claim.** Plaintiff's Second and Third Causes of Action allege that Defendant maintained a "policy" and "practice" of "regularly" failing to provide Plaintiff and PCMs with first and second meal breaks and rest breaks. *See* Exh. B, Complaint, at

¶¶ 17, 40, 44. As a result, Plaintiff alleges that Plaintiff and the PCMs are entitled to premium pay pursuant to Cal. Labor Code § 226.7. Between February 22, 2014 and February 16, 2018, there were 33,054 individuals who worked in non-exempt positions for Bank of America in California and they worked 2,915,390 workweeks during that period.[1] Those individuals were earning an average hourly rate of $21.92. Conservatively assuming for purposes of this Notice of Removal only that each PCM experience just *one* meal break violation and *one* rest break violation in just 5% of all workweeks (i.e., every 20 workweeks), the total amount in controversy for Plaintiff's Second and Third Causes of Action for meal and rest break violations is estimated to be at least **$6,390,534.88**, calculated as follows:

- ➢ ($21.92 average hourly rate) x (.05 meal break violation rate) x (2,915,390 aggregate workweeks) = **$3,195,267.44**
- ➢ ($21.92 average hourly rate) x (.05 rest break violation rate) x (2,915,390 aggregate workweeks) = **$3,195,267.44**
- ➢ $3,195,267.44 meal break payments + $3,195,267.44 rest break payments = **$6,390,534.88**

25.   **Waiting Time Penalties.**   Plaintiff's Fourth Cause of Action seeks waiting time penalties for alleged failure to pay all wages due upon termination. *See* Exh. A, Complaint, ¶¶ 46-52. To that end, Plaintiff alleges that Bank of America "willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all final wages due at termination of employment" and that it "failed, and continue[s] to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 …." *Id.* at ¶¶ 18, 48. For example, Plaintiff alleges that Bank of America "issued her final paycheck …

---

[1] For the purposes of removal, a four-year statute of limitations is presumed as Plaintiff has purported to allege a cause of action for missed meal and rest breaks as an unfair business practice under California's Unfair Competition Law, Cal. Bus. & Prof.Code § 17200 et seq. *See* Exh. B, Complaint at ¶¶ 61-75; *See Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016) ("[T]he UCL statute of limitations will apply to a UCL claim, even when that claim is based on an underlying law with its own separate statute of limitations*."); Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000).

four days late" and that the "failure to timely pay Plaintiff's final wages when her employment terminated was not a single, isolated incident, but was instead consistent with Defendants' policy and practice that applied to Plaintiff and the Class." *Id.* at ¶ 18. Plaintiff also alleges that her claims are "typical" of the claims of all PCMs. *Id.* at ¶ 26(b). Between February 22, 2015 and February 16, 2018, 12,117 individuals worked in non-exempt positions for Bank of America in California whose employed ended voluntarily or involuntarily. Those individuals were earning an average hourly rate of $20.06 at the time of their separation. For purposes of calculating the amount-in-controversy for removal, based on Plaintiff's allegations, Bank of America assumes that *only 10%* of the individuals whose employments ended received their final wages four days late (similar to what Plaintiff claims she experienced), ostensibly entitling them to waiting time penalties under California Labor Code § 203. *See* Exh. B, Complaint, at ¶ 47. *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205-06 (E.D. Cal. 2008) ("[C]ourts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."). Thus, using the average hourly rate in effect for the PCMs at the time of their respective separations, the total amount in controversy on Plaintiff's Fourth Cause of Action for **waiting time penalties** is estimated to be **$777,814.46**, calculated as follows:

➢ (12,117 PCMs x .10) x $20.06 x 8 hours x 4 days = **$777,814.46**.

26. **Attorneys' Fees.** Plaintiff's Complaint also seeks an award of statutory attorneys' fees. It is settled in the Ninth Circuit that where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). The Ninth Circuit has used a benchmark rate of 25% of the potential damage award as an estimate for attorneys' fees. Applying this benchmark to the potential amounts in controversy on Plaintiff's claims identified above, the potential amount in controversy related to Plaintiff's demand for attorneys' fees is calculated at no less than **$2,569,901.80:**

| Cause of Action | Amount in Controversy | 9th Circuit Benchmark | Attorneys' Fees |
|---|---|---|---|
| Meal and Rest Break Violation Claim | $6,390,534.88 | x 25% | $1,597,633.72 |
| Waiting Time Penalties | $777,814.46 | x 25% | $194,453.62 |
| **TOTAL ESTIMATED ATTORNEYS FEES** | | | **$1,792,087.34** |

27.   Accordingly, the total amount in controversy for Plaintiff's claims asserted in this action, exclusive of Plaintiff's claims for overtime wages or inaccurate wage statement penalties, conservatively estimated, is well over the $5,000,000.00 jurisdictional minimum:

| Remedies Sought | Amount in Controversy |
|---|---|
| Meal and Rest Break Violation Claim | $6,390,534.88 |
| Waiting Time Penalties | $777,814.46 |
| Statutory Attorneys' Fees | $1,792,087.34 |
| **TOTAL AMOUNT IN CONTROVERSY[2]** | **$8,960,436.68** |

28.   In sum, because there exists diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds CAFA's $5,000,000.00 jurisdictional threshold, Defendant may remove this action pursuant to 28 U.S.C. §§ 1332(d) and 1441(b).

**VENUE**

29.   Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

30.   Nothing in this Notice of Removal is intended nor should be construed as any type

---

[2] Plaintiff also asserts claims for failure to pay overtime compensation (First Cause of Action, Exh. B, Complaint, at ¶¶ 30-71) and failure to provide accurate itemized wage statements (Fifth Cause of Action, Exh. B, Complaint, at ¶¶ 53-60).  Defendant has not valued those claims herein, but obviously the Court's consideration of those claims necessarily would increase the total amount in controversy.

of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  Further, Defendant expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

WHEREFORE, Defendant requests that the above-captioned action now pending in the State Court be removed to the United States District Court for the Northern District of California.

Date:  March 30, 2018            **MCGUIREWOODS LLP**


By:  /s/ Sylvia J. Kim
        Michael D. Mandel
        Sylvia J. Kim

Attorneys for Defendant
BANK OF AMERICA, N.A.