# EXHIBIT A

FEB/22/2018/THU 12:41 PM                    FAX No.                         P. 026

(                                                                    (

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, NATIONAL ASSOCIATION, a business entity,
form unknown; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

IRMA FRAUSTO, individually, and on behalf of all others similarly
situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED BY FAX
ALAMEDA COUNTY

**February 22, 2018**

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the Information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Alameda County

CASE NUMBER:
*(Número del Caso):* RG18894308

1225 Fallon St.
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MOON & YANG, APC, Kane Moon, 1055 W. Seventh St., Suite ... ngeles, CA 90017

DATE: **February 22, 2018**                    Clerk, by _____ , Deputy
*(Fecha)*                                       *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BANK OF AMERICA, NATIONAL ASSOCIATION, A BUSINESS entity, form unknown

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* BUSINESS entity form unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT B

(                                          (

**FILED BY FAX**
ALAMEDA COUNTY

February 22, 2018

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG18894308**

1  Kane Moon (SBN 249834)
   kane.moon@moonyanglaw.com
2  Justin F. Marquez (SBN 262417)
   justin.marquez@moonyanglaw.com
3  MOON & YANG, APC
   1055 W. Seventh St., Suite 1880
4  Los Angeles, California 90017
   Telephone: (213) 232-3128
5  Facsimile: (213) 232-3125
   Attorneys for Plaintiff Irma Frausto
6

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ALAMEDA**

10  IRMA FRAUSTO, individually, and on behalf of   Case No.:
    all others similarly situated,
11                                               **CLASS ACTION COMPLAINT:**
              Plaintiff,
12                                               1. Failure to Pay Overtime Compensation
        vs.                                         [Cal. Lab. Code §§ 1194 and 1198];
13                                               2. Failure to Provide Meal Periods [Cal. Lab.
    BANK OF AMERICA, NATIONAL                       Code §§ 226.7, 512];
14  ASSOCIATION, a business entity, form         3. Failure to Authorize and Permit Rest
    unknown; and DOES 1 through 10, inclusive,      Periods [Cal. Lab. Code §§ 226.7];
15                                               4. Failure to Timely Pay Final Wages at
              Defendants                             Termination [Cal. Lab. Code §§ 201-203];
16                                               5. Failure to Provide Accurate Itemized
                                                    Wage Statements [Cal. Lab. Code § 226];
17                                                  and
                                                 6. Unfair Business Practices [Cal. Bus. &
18                                                  Prof. Code §§ 17200, et seq.].

19  _____,         **DEMAND FOR JURY TRIAL**

20

21

22

23

24

25

26

27

28

                   **CLASS ACTION COMPLAINT**

1

**TABLE OF CONTENTS**

2

INTRODUCTION & PRELIMINARY STATEMENT ................................................................. 1

3

THE PARTIES ........................................................................................................................ 2

4

    A.   Plaintiff ........................................................................................................... 2

5

    B.   Defendants ....................................................................................................... 3

6

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................................. 4

7

CLASS ACTION ALLEGATIONS ........................................................................................... 7

8

FIRST CAUSE OF ACTION ................................................................................................. 12

9

SECOND CAUSE OF ACTION ............................................................................................ 13

10

THIRD CAUSE OF ACTION ................................................................................................ 14

11

FOURTH CAUSE OF ACTION ............................................................................................ 14

12

FIFTH CAUSE OF ACTION ................................................................................................. 16

13

SIXTH CAUSE OF ACTION ................................................................................................ 17

14

PRAYER FOR RELIEF ......................................................................................................... 19

15

DEMAND FOR JURY TRIAL .............................................................................................. 22

16

17

18

19

20

21

22

23

24

25

26

27

28

i

CLASS ACTION COMPLAINT

1   Plaintiff Irma Frausto ("Plaintiff"), based upon facts that either have evidentiary support
2   or are likely to have evidentiary support after a reasonable opportunity for further investigation
3   and discovery, alleges as follows:

**INTRODUCTION & PRELIMINARY STATEMENT**

5       1.      Plaintiff Irma Frausto brings this action against Defendant Bank of America,
6   National Association ("Bank of America"), and Does 1 through 10 (Bank of America and Does 1
7   through 10 are collectively referred to as "Defendants") for California Labor Code violations and
8   unfair business practices stemming from Defendants' failure to pay overtime wages, failure to
9   provide meal periods, failure to pay meal period premium wages correctly, failure to authorize
10  and permit rest periods, failure to timely pay all wages to terminated employees, and failure to
11  furnish accurate wage statements.

12      2.      Plaintiff brings the First through Sixth Causes of Action individually and as a class
13  action on behalf of herself and certain current and former employees of Defendants (hereinafter
14  collectively referred to as the "Class" or "Class Members," and defined more fully below). The
15  Class consists of Plaintiff and all other persons who have been employed by any Defendant in
16  California as a non-exempt employee during the statute of limitations period applicable to the
17  claims pleaded here.

18      3.      Defendants own/owned and operate/operated an industry, business, and
19  establishment within the State of California, including Alameda County. As such, and based
20  upon all the facts and circumstances incident to Defendants' business in California, Defendants
21  are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare
22  Commission ("IWC"), and the California Business & Professions Code.

23      4.      Despite these requirements, throughout the statutory period Defendants
24  maintained a systematic, company-wide policy and practice of:

25              (a)     Failing to pay employees for all overtime wages in compliance with the
26                      California Labor Code and IWC Wage Orders;

27              (b)     Failing to provide employees with timely and duty-free meal periods in
28                      compliance with the California Labor Code and IWC Wage Orders, and

1
CLASS ACTION COMPLAINT

1      failing to pay an additional hour's pay at the correct hourly rate for each

2      workday a meal period violation occurred;

3      (c)    Failing to authorize and permit employees to take timely and duty-free rest

4      periods in compliance with the California Labor Code and IWC Wage

5      Orders, and failing to pay an additional hour's pay for each workday a rest

6      period violation occurred;

7      (d)    Willfully failing to pay employees all overtime wages, meal period

8      premium wages, and rest period premium wages, due within the time

9      period specified by California law when employment terminates; and

10      (e)    Failing to provide employees with accurate, itemized wage statements

11      containing all the information required by the California Labor Code and

12      IWC Wage Orders.

13      5.     On information and belief, Defendants, and each of them were on actual and

14 constructive notice of the improprieties alleged herein and intentionally refused to rectify their

15 unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were

16 willful and deliberate.

17      6.     At all relevant times, Defendants were and are legally responsible for all of the

18 unlawful conduct, policies, practices, acts and omissions as described in each and all of the

19 foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are

20 responsible for each of the unlawful acts or omissions complained of herein under the doctrine of

21 "respondeat superior".

22                         **THE PARTIES**

23      **A.**    **Plaintiff**

24      **7.**     Plaintiff Irma Frausto is a California resident that worked for Defendants in Brea,

25 California from approximately September 1999 to August 11, 2017, during which she worked as

26 a Treasury Service Specialist from 2014 to 2017.

27      **8.**     Plaintiff reserves the right to seek leave to amend this complaint to add new

28 plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v.*

1    *American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

2        **B.**    **Defendants**

3        9.    Plaintiff is informed and believes, and based upon that information and belief

4    alleges, that Defendant Bank of America, National Association is:

5            (a)    A foreign corporation that has not designated a principal business office in

6                 California according to its latest Statement of Information (Foreign

7                 Corporation) on file with the California Secretary of State;

8            (b)    Maintains branches, facilities, and offices from which it transacts business

9                 in a variety of locations in Alameda County, and Defendant is otherwise

10                 within this Court's jurisdiction for purposes of service of process; and

11            (c)    The former employer of Plaintiff, and the current and/or former employer

12                 of the putative Class. Bank of America, National Association suffered and

13                 permitted Plaintiff and the Class to work, and/or controlled their wages,

14                 hours, or working conditions.

15        10.    Plaintiff does not know the true names or capacities of the persons or entities sued

16    herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.

17    Each of the Doe Defendants was in some manner legally responsible for the damages suffered by

18    Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true

19    names and capacities of these Defendants when they have been ascertained, together with

20    appropriate charging allegations, as may be necessary.

21        11.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and

22    each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

23    and/or injured a significant number of the Plaintiff and the Class in the State of California.

24        12.    Plaintiff is informed and believes and thereon alleges that at all relevant times

25    each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

26    the other employees described in the class definitions below, and exercised control over their

27    wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges

28    that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

1 │ director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

2 │ and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

3 │ or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

4 │ some or all of the other Defendants so as to be liable for their conduct with respect to the matters

5 │ alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted

6 │ pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

7 │ should have known about, and authorized, ratified, adopted, approved, controlled, aided and

8 │ abetted the conduct of all other Defendants.

9 │ <center>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</center>

10 │      13.    Plaintiff Irma Frausto is a California resident that worked for Defendants in Brea,

11 │ California from approximately September 1999 to August 11, 2017, during which she worked as

12 │ a Treasury Service Specialist from 2014 to 2017. Defendants paid Plaintiff on an hourly basis

13 │ and classified her as non-exempt from overtime. During Plaintiff's employment for Defendants,

14 │ Defendants typically scheduled Plaintiff to work 5 days in a workweek and at least 8 hours per

15 │ day, but there were also times when Plaintiff worked shifts greater than 8 hours in a workday.

16 │      14.    Throughout Plaintiff's employment, Defendants failed to pay Plaintiff the correct

17 │ amount of overtime wages, failed to provide Plaintiff with meal periods, failed to pay meal

18 │ period premium wages correctly, failed to authorize and permit Plaintiff to take rest periods,

19 │ failed to timely pay all final wages to Plaintiff when Defendants terminated her employment, and

20 │ failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff's

21 │ experience working for Defendants was typical and illustrative.

22 │      15.    Throughout the statutory period, Defendants maintained a policy and practice of

23 │ failing to pay Plaintiff and the Class the correct amount of overtime pay in compliance with

24 │ California law. Throughout the statutory period, Plaintiff and the Class worked more than 8

25 │ hours in a workday and more than 40 hours in a workweek. In addition, Plaintiff and the Class

26 │ earned non-discretionary bonuses, such as bonuses based on customer service surveys, and

27 │ bonuses based on whether an employee spoke a language other than English. Defendants,

28 │

<center>4</center>
<center>CLASS ACTION COMPLAINT</center>

1  however, failed to include these non-discretionary bonuses earned by Plaintiff and the Class for

2  calculating the regular rate of pay for overtime purposes.

3      16.    Throughout the statutory period, Defendants have wrongfully failed to provide

4  Plaintiff and the Class with legally compliant meal periods.  Defendants sometimes, but not

5  always, required Plaintiff and the Class to work in excess of five consecutive hours a day without

6  providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours

7  of work, or without compensating Plaintiff and the Class for all meal periods that were not

8  provided by the end of the fifth hour of work or tenth hour of work.  On the occasions when

9  Defendants did compensate Plaintiff and the Class for meal periods that were not provided

10  according to California law, meal period premium pay was inadequate because it was based on

11  an hourly rate of pay that did not include all compensation Plaintiff and the Class earned, such as

12  non-discretionary bonuses.  On information and belief, Defendants also did not adequately

13  inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of

14  work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Moreover, on

15  information and belief, Defendants required Plaintiffs and the Class to agree to waive meal

16  periods for shifts greater than five hours but less than six hours long as a condition of

17  employment.  Accordingly, Defendants' policy and practice was to not provide meal periods to

18  Plaintiff and the Class in compliance with California law.

19      17.    Throughout the statutory period, Defendants have wrongfully failed to authorize

20  and permit Plaintiff and the Class to take legally compliant rest periods.  Defendants regularly,

21  but not always, required Plaintiff and the Class to work in excess of four consecutive hours a day

22  without Defendants authorizing and permitting them to take a 10-minute, continuous and

23  uninterrupted, rest period for every four hours of work (or major fraction of four hours), or

24  without compensating Plaintiff and the Class for rest periods that were not authorized or

25  permitted.  On information and belief, Defendants did not have adequate policies or practices

26  permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have

27  adequate policies or practices regarding the timing of rest periods.  Accordingly, Defendants'

28

1  policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in
2  compliance with California law.

3      18.    Throughout the statutory period, Defendants willfully failed and refused to timely
4  pay Plaintiff and the Class at the conclusion of their employment all final wages due at
5  termination of employment.  For example, Defendants terminated Plaintiff's employment on
6  August 11, 2017 and did not issue Plaintiff her final paycheck on her last day, as required under
7  Labor Code section 202, but instead issued her final paycheck on August 15, 2017, four days
8  late.  In addition, Plaintiff's final paycheck did not include payment for all overtime wages, meal
9  period premium wages, and rest period premium wages owed to her by Defendants at the
10 conclusion of her employment.  On information and belief, Defendants' failure to timely pay
11 Plaintiff's final wages when her employment terminated was not a single, isolated incident, but
12 was instead consistent with Defendants' policy and practice that applied to Plaintiff and the
13 Class.

14     19.    Throughout the statutory period, Defendants failed to furnish Plaintiff and the
15 Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross
16 and net wages earned (including correct wages earned for overtime pay, correct wages for meal
17 periods that were not provided in accordance with California law, and correct wages for rest
18 periods that were not authorized and permitted to take in accordance with California law).  As a
19 result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered
20 injury because, among other things:

21         (a)    the violations led them to believe that they were not entitled to be paid
22                overtime wages, meal period premium wages, and rest period premium
23                wages, to which they were entitled, even though they were entitled;
24         (b)    the violations led them to believe that they had been paid the overtime,
25                meal period premium, and rest period premium wages, to which they were
26                entitled, even though they had not been;

27

28

**6**
CLASS ACTION COMPLAINT

1        (c)    the violations led them to believe they were not entitled to be paid

2                   overtime, meal period premium, and rest period premium wages at the

3                   correct California rate even though they were;

4        (d)    the violations led them to believe they had been paid overtime, meal period

5                   premium, and rest period premium wages at the correct California rate

6                   even though they had not been;

7        (e)    the violations hindered them from determining the amounts of overtime,

8                   meal period premium, and rest period premium wages owed to them;

9        (f)    in connection with their employment before and during this action, and in

10                connection with prosecuting this action, the violations caused them to have

11                to perform mathematical computations to determine the amounts of wages

12                owed to them, computations they would not have to make if the wage

13                statements contained the required accurate information;

14        (g)    by understating the wages truly due them, the violations caused them to

15                lose entitlement and/or accrual of the full amount of Social Security,

16                disability, unemployment, and other governmental benefits;

17        (h)    the wage statements inaccurately understated the wages, hours, and wages

18                rates to which Plaintiff and the Class were entitled, and Plaintiff and the

19                Class were paid less than the wages and wage rates to which they were

20                entitled.

21    Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code §

22    226(e).

23                         **CLASS ACTION ALLEGATIONS**

24       20.    Plaintiff brings certain claims individually, as well as on behalf of each and all

25    other persons similarly situated, and thus, seeks class certification under California Code of Civil

26    Procedure § 382.

27       21.    All claims alleged herein arise under California law for which Plaintiff seeks relief

28    authorized by California law.

22.     The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

23.     Plaintiff also seeks class certification of the following Sub-Classes:

**Meal Period Premium Sub-Class:** All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent and received from any Defendant payment for a bonus and a missed meal period.

**Late Pay Sub-Class:** All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the Class is sent and terminated their employment with any Defendant.

24.     At all material times, Plaintiff was a member of the Class and Sub-Classes.

25.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26.     There is a well-defined community of interest in the litigation and the Class are Sub-Classes readily ascertainable:

      (a)    Numerosity:  The members of the Class and each Sub-Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class and Sub-Classes is unknown to Plaintiff at this time, however, the Class and each Sub-Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

      (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

      (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-

1    defined community of interest and typicality of claims, as demonstrated

2    herein. Plaintiff has no conflicts with or interests antagonistic to any Class

3    Member. Plaintiff's attorneys, the proposed class counsel, are versed in

4    the rules governing class action discovery, certification, and settlement.

5    Plaintiff has incurred, and throughout the duration of this action, will

6    continue to incur costs and attorneys' fees that have been, are, and will be

7    necessarily expended for the prosecution of this action for the substantial

8    benefit of each class member.

9    (d)    Superiority: A Class Action is superior to other available methods for the

10    fair and efficient adjudication of the controversy, including consideration

11    of:

12    1)    The interests of the members of the Class and Sub-Classes in

13    individually controlling the prosecution or defense of separate

14    actions;

15    2)    The extent and nature of any litigation concerning the controversy

16    already commenced by or against members of the Class and Sub-

17    Classes;

18    3)    The desirability or undesirability of concentrating the litigation of

19    the claims in the particular forum; and

20    4)    The difficulties likely to be encountered in the management of a

21    class action.

22    (e)    Public Policy Considerations: The public policy of the State of California

23    is to resolve the California Labor Code claims of many employees through

24    a class action. Indeed, current employees are often afraid to assert their

25    rights out of fear of direct or indirect retaliation. Former employees are

26    also fearful of bringing actions because they believe their former

27    employers might damage their future endeavors through negative

28    references and/or other means. Class actions provide the class members

9

1      who are not named in the complaint with a type of anonymity that allows

2      for the vindication of their rights at the same time as their privacy is

3      protected.

4      27.    There are common questions of law and fact as to the Class (and each subclass, if

5  any) that predominate over questions affecting only individual members, including without

6  limitation, whether, as alleged herein, Defendants have:

7      (a)    Failed to pay Class Members the correct amount of overtime wages;

8      (b)    Failed to provide meal periods and pay correct meal period premium wages

9      to Class Members;

10     (c)    Failed to authorize and permit rest periods and pay rest period premium

11     wages to Class Members;

12     (d)    Failed to promptly pay all wages due to Class Members upon their

13     discharge or resignation;

14     (e)    Failed to provide Class Members with accurate wages statements; and

15     (f)    Violated California Business & Professions Code §§ 17200 *et. seq.* as a

16     result of their illegal conduct as described above.

17     28.    This Court should permit this action to be maintained as a class action pursuant to

18 California Code of Civil Procedure § 382 because:

19     (a)    The questions of law and fact common to the Class predominate over any

20     question affecting only individual members;

21     (b)    A class action is superior to any other available method for the fair and

22     efficient adjudication of the claims of the members of the Class;

23     (c)    The members of the Class are so numerous that it is impractical to bring all

24     members of the class before the Court;

25     (d)    Plaintiff, and the other members of the Class, will not be able to obtain

26     effective and economic legal redress unless the action is maintained as a

27     class action;

28     (e)    There is a community of interest in obtaining appropriate legal and

1    equitable relief for the statutory violations, and in obtaining adequate

2    compensation for the damages and injuries for which Defendants are

3    responsible in an amount sufficient to adequately compensate the members

4    of the Class and each Sub-Class for the injuries sustained;

5    (f)   Without class certification, the prosecution of separate actions by

6    individual members of the class would create a risk of:

7    1)   Inconsistent or varying adjudications with respect to individual

8    members of the Class and each Sub-Class which would establish

9    incompatible standards of conduct for Defendants; and/or

10    2)   Adjudications with respect to the individual members which would,

11    as a practical matter, be dispositive of the interests of other

12    members not parties to the adjudications, or would substantially

13    impair or impede their ability to protect their interests, including but

14    not limited to the potential for exhausting the funds available from

15    those parties who are, or may be, responsible Defendants; and,

16    (g)   Defendants have acted or refused to act on grounds generally applicable to

17    the Class and each Sub-Class, thereby making final injunctive relief

18    appropriate with respect to the class as a whole.

19    29.   Plaintiff contemplates the eventual issuance of notice to the proposed members of

20    the Class and each Sub-Class that would set forth the subject and nature of the instant action.

21    The Defendants' own business records may be utilized for assistance in the preparation and

22    issuance of the contemplated notices. To the extent that any further notices may be required,

23    Plaintiff would contemplate the use of additional techniques and forms commonly used in class

24    actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations

25    thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by

26    the Court.

27    ///

28    ///

## FIRST CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

31.    California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

32.    California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

33.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday and/or more than 40 hours in a workweek as employees of Defendants.

34.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

35.    By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

36.    Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

37.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## SECOND CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

38.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

39.    Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

40.    Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

41.    Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

///

///

13
CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

(Against All Defendants for Failure to Authorize and Permit Rest Periods)

42.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

43.    Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order. .

44.    Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

45.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

**FOURTH CAUSE OF ACTION**

(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)

46.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

1    47.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if
2  an employer discharges an employee, the wages earned and unpaid at the time of discharge are
3  due and payable immediately, and that if an employee voluntarily leaves his or her employment,
4  his or her wages shall become due and payable not later than seventy-two (72) hours thereafter,
5  unless the employee has given seventy-two (72) hours previous notice of his or her intention to
6  quit, in which case the employee is entitled to his or her wages at the time of quitting.

7    48.    Within the applicable statute of limitations, the employment of Plaintiff and many
8  other members of the Class ended, i.e. was terminated by quitting or discharge, and the
9  employment of others will be.  However, during the relevant time period, Defendants failed, and
10  continue to fail to pay terminated Class Members, without abatement, all wages required to be
11  paid by California Labor Code sections 201 and 202 either at the time of discharge, or within
12  seventy-two (72) hours of their leaving Defendants' employ.

13    49.    Defendants' failure to pay Plaintiff and those Class members who are no longer
14  employed by Defendants their wages earned and unpaid at the time of discharge, or within
15  seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor
16  Code §§ 201 and 202.

17    50.    California Labor Code § 203 provides that if an employer willfully fails to pay
18  wages owed, in accordance with sections 201 and 202, then the wages of the employee shall
19  continue as a penalty wage from the due date, and at the same rate until paid or until an action is
20  commenced; but the wages shall not continue for more than thirty (30) days.

21    51.    Plaintiff and the Class are entitled to recover from Defendants their additionally
22  accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days
23  maximum pursuant to California Labor Code § 203.

24    52.    Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the
25  Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs
26  incurred in this action.

27  ///
28  ///

15
CLASS ACTION COMPLAINT

# FIFTH CAUSE OF ACTION

## (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

53.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 19 in this Complaint.

54.    At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

55.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, and the failure to list the true net wages earned.

56.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

57.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

58.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as

1    a result of having to bring this action to attempt to obtain correct wage information following

2    Defendants' refusal to comply with many of the mandates of California's Labor Code and related

3    laws and regulations.

4        59.    Plaintiff and the Class are entitled to recover from Defendants the greater of their

5    actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or

6    an aggregate penalty not exceeding four thousand dollars per employee.

7        60.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of

8    attorney's fees and costs to ensure compliance with this section, pursuant to California Labor

9    Code § 226(h).

10                              **SIXTH CAUSE OF ACTION**

11    **(Against all Defendants for Violation of California Business & Professions Code §§ 17200,**

12                                    **et seq.)**

13        61.    Plaintiff incorporates by reference and re-alleges as if fully stated herein

14    paragraphs 1 through 19 in this Complaint.

15        62.    Defendants, and each of them, are "persons" as defined under California Business

16    & Professions Code § 17201.

17        63.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

18    unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff

19    seeks to enforce important rights affecting the public interest within the meaning of Code of Civil

20    Procedure § 1021.5.

21        64.    Defendants' activities, as alleged herein, are violations of California law, and

22    constitute unlawful business acts and practices in violation of California Business & Professions

23    Code §§ 17200, et seq.

24        65.    A violation of California Business & Professions Code §§ 17200, et seq. may be

25    predicated on the violation of any state or federal law. All of the acts described herein as

26    violations of, among other things, the California Labor Code, are unlawful and in violation of

27    public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous,

28    and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

1  California Business & Professions Code §§ 17200, *et seq.*

2  <center>**Failure to Pay Overtime Wages**</center>

3  66.    Defendants' failure to pay overtime compensation and other benefits in violation

4  of California Labor Code §§ 510, 1194, and 1198, constitutes unlawful and/or unfair activity

5  prohibited by California Business & Professions Code §§ 17200, *et seq.*

6  <center>**Failure to Provide Meal Periods**</center>

7  67.    Defendants' failure to provide meal periods and pay meal period premium wages

8  correctly in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage

9  Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California

10  Business & Professions Code §§ 17200, *et seq.*

11  <center>**Failure to Authorize and Permit Rest Periods**</center>

12  68.    Defendants' failure to authorize and permit rest periods in accordance with

13  California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful

14  and/or unfair activity prohibited by Business and Professions Code § § 17200, *et seq.*

15  69.    By and through their unfair, unlawful and/or fraudulent business practices

16  described herein, the Defendants, have obtained valuable property, money and services from

17  Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly

18  situated, of valuable rights and benefits guaranteed by law, all to their detriment.

19  70.    Plaintiff and the Class Members suffered monetary injury as a direct result of

20  Defendants' wrongful conduct.

21  71.    Plaintiff, individually, and on behalf of members of the putative Class, is entitled

22  to, and do, seek such relief as may be necessary to disgorge money and/or property which the

23  Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by

24  means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and

25  the Class are not obligated to establish individual knowledge of the wrongful practices of

26  Defendants in order to recover restitution.

27  72.    Plaintiff, individually, and on behalf of members of the putative class, is further

28  entitled to and does seek a declaration that the above described business practices are unfair,

<center>18</center>
<center>**CLASS ACTION COMPLAINT**</center>

1  unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

2  from engaging in any of the above-described unfair, unlawful and/or fraudulent business

3  practices in the future.

4        73.    Plaintiff, individually, and on behalf of members of the putative class, has no

5  plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members

6  suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business

7  practices.  As a result of the unfair, unlawful and/or fraudulent business practices described

8  above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and

9  will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained

10  from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

11        74.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth

12  herein above, they will continue to avoid paying the appropriate taxes, insurance and other

13  withholdings.

14        75.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff

15  and putative Class Members are entitled to restitution of the wages withheld and retained by

16  Defendants during a period that commences four years prior to the filing of this complaint; a

17  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

18  Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

19  1021.5 and other applicable laws; and an award of costs.

20                              **PRAYER FOR RELIEF**

21        Plaintiff, individually, and on behalf of all others similarly situated only with respect to

22  the class claims, prays for relief and judgment against Defendants, jointly and severally, as

23  follows:

24                              Class Certification

25        1.    That this action be certified as a class action with respect to the First, Second,

26  Third, Fourth, Fifth, and Sixth Causes of Action;

27        2.    That Plaintiff be appointed as the representative of the Class; and

28        3.    That counsel for Plaintiff be appointed as Class Counsel.

19
**CLASS ACTION COMPLAINT**

1

### As to the First Cause of Action

2    4.    That the Court declare, adjudge and decree that Defendants violated California

3 Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all

4 overtime wages due;

5    5.    For general unpaid wages at overtime wage rates and such general and special

6 damages as may be appropriate;

7    6.    For pre-judgment interest on any unpaid overtime compensation commencing

8 from the date such amounts were due;

9    7.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

10 California Labor Code § 1194(a); and,

11    8.    For such other and further relief as the Court may deem equitable and appropriate.

12

### As to the Second Cause of Action

13    9.    That the Court declare, adjudge and decree that Defendants violated California

14 Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

15    10.    For unpaid meal period premium wages as may be appropriate;

16    11.    For pre-judgment interest on any unpaid compensation commencing from the date

17 such amounts were due;

18    12.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

19 and for costs of suit incurred herein; and

20    13.    For such other and further relief as the Court may deem equitable and appropriate.

21

### As to the Third Cause of Action

22    14.    That the Court declare, adjudge and decree that Defendants violated California

23 Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

24    15.    For unpaid rest period premium wages as may be appropriate;

25    16.    For pre-judgment interest on any unpaid compensation commencing from the date

26 such amounts were due;

27    17.    For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5,

28 and for costs of suit incurred herein; and

1    18.    For such other and further relief as the Court may deem equitable and appropriate.

2                          As to the Fourth Cause of Action

3    19.    That the Court declare, adjudge and decree that Defendants violated California

4    Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

5    termination of the employment;

6    20.    For all actual, consequential and incidental losses and damages, according to

7    proof;

8    21.    For statutory wage penalties pursuant to California Labor Code § 203 for former

9    employees who have left Defendants' employ;

10   22.    For pre-judgment interest on any unpaid wages from the date such amounts were

11   due;

12   23.    For reasonable attorneys' fees and for costs of suit incurred herein; and

13   24.    For such other and further relief as the Court may deem equitable and appropriate.

14                          As to the Fifth Cause of Action

15   25.    That the Court declare, adjudge and decree that Defendants violated the record

16   keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and

17   willfully failed to provide accurate itemized wage statements thereto;

18   26.    For all actual, consequential and incidental losses and damages, according to

19   proof;

20   27.    For statutory penalties pursuant to California Labor Code § 226(e);

21   28.    For injunctive relief to ensure compliance with this section, pursuant to California

22   Labor Code § 226(h);

23   29.    For reasonable attorneys' fees and for costs of suit incurred herein; and

24   30.    For such other and further relief as the Court may deem equitable and appropriate.

25                          As to the Sixth Cause of Action

26   31.    That the Court declare, adjudge and decree that Defendants violated California

27   Business & Professions Code §§ 17200, *et seq.* by failing to pay overtime wages correctly,

28

1  failing to provide meal periods and pay the correct amount of meal period premium wages, and

2  failing to authorize and permit rest periods;

3     32.    For restitution of unpaid wages to Plaintiff and all Class Members and

4  prejudgment interest from the day such amounts were due and payable;

5     33.    For the appointment of a receiver to receive, manage and distribute any and all

6  funds disgorged from Defendants and determined to have been wrongfully acquired by

7  Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

8     34.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

9  California Code of Civil Procedure § 1021.5;

10    35.    For injunctive relief to ensure compliance with this section, pursuant to California

11 Business & Professions Code §§ 17200, *et seq.*; and,

12    36.    For such other and further relief as the Court may deem equitable and appropriate.

13                    As to all Causes of Action

14    37.    For any additional relief that the Court deems just and proper.

15 Dated: February 14, 2018                Respectfully submitted,

16                        MOON & YANG, APC

17

18                By: _____
                        Kane Moon
19                      Justin F. Marquez
                        Attorneys for Plaintiff Irma Frausto

20              **DEMAND FOR JURY TRIAL**

21        Plaintiff demands a trial by jury as to all causes of action triable by jury.

22 Dated: February 14, 2018                MOON & YANG, APC

23

24                By _____
                        Kane Moon
25                      Justin F. Marquez
                        Attorneys for Plaintiff Irma Frausto

26

27

28

                        22

# EXHIBIT C

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Kane Moon (State Bar No. 249834) Justin F. Marquez (State Bar No. 262417)
MOON & YANG, APC
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
 TELEPHONE NO.: (213) 232-3128          FAX NO.: (213) 232-3125
ATTORNEY FOR *(Name)*: Plaintiff Irma Frausto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
 STREET ADDRESS: 1225 Fallon St.
 MAILING ADDRESS: 1225 Fallon St.
 CITY AND ZIP CODE: Oakland, CA 94612
 BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME:
Irma Frausto v. Bank of America, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

**FILED BY FAX**
**ALAMEDA COUNTY**

**February 22, 2018**

**CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy**

**CASE NUMBER:
RG18894308**

| CASE NUMBER: | |
| JUDGE: | |
| DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 6; Failure to Pay Overtime Wages, Failure to Provide Meal Periods, etc.
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 14, 2018
Justin F. Marquez
_____
 (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

# EXHIBIT D

1  Kane Moon (SBN 249834)
   kane.moon@moonyanglaw.com
2  Justin F. Marquez (SBN 262417)
   justin.marquez@moonyanglaw.com
3  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
4  Los Angeles, California 90017
   Telephone: (213) 232-3128
5  Facsimile: (213) 232-3125
   Attorneys for Plaintiff Irma Frausto
6

MAR 15 2018

US Mail

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF ALAMEDA – RENE C. DAVIDSON COURTHOUSE**

10

| | |
|---|---|
| 11  IRMA FRAUSTO, individually, and on behalf of all others similarly situated, | Case No.: RG18894308 |
| 12                    Plaintiff, | <u>CLASS ACTION</u> |
| 13          vs. | [Hon. Brad Seligman, Dept. 23] |
| 14  BANK OF AMERICA, NATIONAL | **NOTICE OF HEARINGS** |
| 15  ASSOCIATION, a business entity, form unknown; and DOES 1 through 10, inclusive, | Complex Determination Hearing<br>Date:  April 10, 2018<br>Time:  3:00 p.m. |
| 16          Defendants | Dept.:  23 |
| 17 | Case Management Conference<br>Date:  May 15, 2018 |
| 18 | Time:  3:00 p.m.<br>Dept.:  23 |
| 19 | |
| 20 | Complaint filed:    February 22, 2018<br>Trial date:          Not set |

21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22          PLEASE TAKE NOTICE that the above-entitled Court, located at 1225 Fallon St.,

23  Oakland, California, 94612, has entered a Minute Order scheduling a Complex Determination

24  Hearing on April 10, 2018 at 3:00 p.m. in Department 23, and scheduling a Case Management

25  Conference on May 15, 2018 at 3:00 p.m. in Department 23.  A true and correct copy of the

26  Court's Minute Order is attached hereto.

27

28

<div align="center">1</div>

1    Dated: March 8, 2018                          Respectfully submitted,

2                                                  MOON & YANG, APC

3
                                          By: _____
4                                                Justin F. Marquez
5                                                Attorneys for Plaintiff Irma Frausto

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF HEARINGS

Moon & Yang, APC
Attn: Marquez, Justin F.
1055 W. Seventh St., Suite 1880
Los Angeles, CA   90017

Bank of America, National
Association

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Frausto

Plaintiff/Petitioner(s)

VS.

Bank of America, National Association

Defendant/Respondent(s)
(Abbreviated Title)

No. RG18894308

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and
time noted below:

Complex Determination Hearing:
DATE: 04/10/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 05/15/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of
the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation
Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb).
For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at
(510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County
of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this
notice on all parties omitted from this notice or brought into the action after this notice was
mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex
Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement
may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting
directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For
further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 02/26/2018           Chad Finke   Executive Officer / Clerk of the Superior Court

                      By   _____
                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

          Executed on 02/27/2018.

                      By   _____
                                                    Deputy Clerk

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                      )
                                         ) ss
3

COUNTY OF LOS ANGELES                    )

4

        I am employed in the county of Los Angeles, State of California.  I am over the age of 18
and not a party to this action.  My business address is 1055 W. Seventh St., Suite 1880, Los
5

Angeles, CA 90017.  On **March 8, 2018**, I served the foregoing document described as:

6

**NOTICE OF HEARINGS**

7

X   by placing ____ the original  _X_  a true copy thereof enclosed in sealed envelope(s)
addressed as follows:

8

Bank of America, National Association
9

150 N. College St., NC1-028-17-06
Charlotte, NC 28255

10

11

[✓]    **BY U.S. MAIL:** I deposited such envelope in the mail at Los Angeles, California.
       The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar"
12

       with the firm's practice of collection and processing correspondence for mailing.
       Under that practice it would be deposited with U.S. postal service on that same day
13

       with postage thereon fully prepaid at Los Angeles, California in the ordinary course
       of business.  I am aware that on motion of the party served, service is presumed
14

       invalid if postal cancellation date or postage meter date is more than one day after
       date of deposit for mailing in affidavit.

15

[ ]    **BY PERSONAL DELIVERY:** I delivered said document(s) to the office of the
       addressee shown above under whom it says delivered by personal delivery.

16

17

[ ]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of
       collection and processing correspondence for overnight delivery.  Under that practice,
18

       overnight packages are enclosed in a sealed envelope with a packing slip attached
       thereto fully prepaid.  The packages are picked up by the carrier at our offices or
19

       delivered by our office to a designated collection site.

20

        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

21

        Executed this **March 8, 2018** at Los Angeles, California.

22

23

    Sandra Garcia                                    _Sandra Garcia_
    Type or Print Name                                    Signature

24

25

26

27

28

1
PROOF OF SERVICE

# EXHIBIT E

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FO |
|---|---|---|---|
| KANE MOON (SBN:249834)<br>1055 West Seventh St., Suite 1880<br><br>LOS ANGELES         CA              90017 | | | **20672959** |

ATTORNEY FOR (Name            Plaintiff

Insert of Court Name of Judicial District and Branch Court if any
ALAMEDA COUNTY SUPERIOR COURT, OAKLAND

**FILED
ALAMEDA COUNTY**

MAR 1 4 2018

SHORT TITLE OF CASE
FRAUSTO v BANK OF AMERICA

CLERK OF THE SUPERIOR COURT

By Case Number

RG18894308

| 3302593 | (HEARING) Date | Time | Dept |
|---|---|---|---|

REFERENCE NO.
FRAUSTO v BANK OF AMERICA

### PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET

3. a. PARTY SERVED:    BANK OF AMERICA, NATIONAL ASSOCIATION, A BUSINESS

   ENTITY FORM
   C/O CT CORPORATION, AGENT FOR SERVICE OF PROCESS
   b. PERSON SERVED:  GABRIELA SANCHEZ, AUTHORIZED TO RECEIVE
   HISPANIC FEMALE 26YRS 5'04" 160LBS. BLACK HAIR, BLACK EYES

4. c. ADDRESS:       818 W 7TH ST STE 930
   LOS ANGELES           CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3a

   a. BY PERSONALLY DELIVERING THE COPIES
      ON    3/2/2018  AT  3:00:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:

   BANK OF AMERICA, NATIONAL ASSOCIATION, A BUSINESS
   ENTITY FORM
   C/O CT CORPORATION, AGENT FOR SERVICE OF PROCESS
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : BUSINESS ORGANIZATION, FORM
   UNKNOWN  CCP 415.95

7a. Person Serving:    V. Enrique    Mendez

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.   V. Enrique      Mendez
3/13/2018

d. The fee for service was          $57.42
e. I am:

   (1)        not a registered California process server:
   (3) X      registered California process server:
   (i) Independent Contractor
   (i) Registration No:                          3428
   (i) County:   LOS ANGELES

X

SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

### PROOF OF SERVICE

CRC 982(A)(23)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| KANE MOON (SBN:249834) 1055 West Seventh St., Suite 1880 LOS ANGELES    CA    90017 ATTORNEY FOR (Name    Plaintiff | | |

Insert of Court Name of Judicial District and Branch Court if any
ALAMEDA COUNTY SUPERIOR COURT, OAKLAND

SHORT TITLE OF CASE
FRAUSTO v BANK OF AMERICA

| 3302593 | (HEARING) Date | Time | Dept | Case Number: RG18894308 |
|---|---|---|---|---|
| | | | | REFERENCE NO. FRAUSTO v BANK OF AMERICA |

## PROOF OF SERVICE BY MAIL

1. I AM EMPLOYED IN, OR A RESIDENT OF, THE COUNTY IN WHICH THE MAILING OCCURED, AND NOT A PARTY TO THIS ACTION. AT THE TIME OF MAILING, I WAS AT LEAST 18 YEARS OF AGE OR OLDER

ON  03/03/2018

2. I MAILED THE WITHIN:

SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET

ON THE DEFENDANT IN SAID ACTION BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON PREPAID FOR FIRST CLASS IN THE UNITED STATES MAIL AT: COSTA MESA , CALIFORNIA, ADDRESSED AS FOLLOWS:

BANK OF AMERICA, NATIONAL ASSOCIATION, A BUSINESS

ENTITY FORM
C/O CT CORPORATION, AGENT FOR SERVICE OF PROCESS
818 W 7TH ST STE 930
LOS ANGELES    CA    90017

DECLARANT: MONICA FIGUEROA

d. The fee for service was    $57.42
e. I am:

   (1) X    not a registered California process server:
   (3)    registered California process server:
     (i) Independent Contractor
     (i) Registration No:
     (i) County:

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  MONICA FIGUEROA

3/13/2018

X _____
                  SIGNATURE

## PROOF OF SERVICE