Kane Moon (SBN 249834)
kane.moon@moonyanglaw.com
Justin F. Marquez (SBN 262417)
justin.marquez@moonyanglaw.com
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
Attorneys for Plaintiff Irma Frausto

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FRAUSTO, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a business entity, form unknown; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants | Case No. 3:18-cv-01983-WHA<br><br>**FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>1. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>2. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>3. Failure to Authorize and Permit Rest Periods [Cal. Lab. Code §§ 226.7];<br>4. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>5. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226];<br>6. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; and<br>7. Civil Penalties Under PAGA [Cal. Lab. Code § 2699, et seq.]<br><br>**DEMAND FOR JURY TRIAL** |

# TABLE OF CONTENTS

INTRODUCTION & PRELIMINARY STATEMENT ................................................................. 1

THE PARTIES ............................................................................................................................ 3

    A.   Plaintiff ............................................................................................................. 3

    B.   Defendants ........................................................................................................ 3

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ................................................ 4

CLASS ACTION ALLEGATIONS ........................................................................................... 9

FIRST CAUSE OF ACTION ................................................................................................... 13

SECOND CAUSE OF ACTION .............................................................................................. 14

THIRD CAUSE OF ACTION .................................................................................................. 15

FOURTH CAUSE OF ACTION .............................................................................................. 16

FIFTH CAUSE OF ACTION ................................................................................................... 17

SIXTH CAUSE OF ACTION ................................................................................................... 18

SEVENTH CAUSE OF ACTION ............................................................................................ 21

PRAYER FOR RELIEF ........................................................................................................... 22

DEMAND FOR JURY TRIAL ................................................................................................ 26

Plaintiff Irma Frausto ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & PRELIMINARY STATEMENT

1.     Plaintiff Irma Frausto brings this action against Defendant Bank of America, National Association ("Bank of America"), and Does 1 through 10 (Bank of America and Does 1 through 10 are collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay overtime wages, failure to provide meal periods, failure to pay meal period premium wages correctly, failure to authorize and permit rest periods, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.     Plaintiff brings the First through Sixth Causes of Action individually and as a class action on behalf of herself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below).  The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as a non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.     Plaintiff brings the Seventh Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to Plaintiff, the State of California, and past and present non-exempt employees employed by Defendants in the State of California during the statute of limitations period for her PAGA claim (hereinafter referred to as the "Aggrieved Employees").

4.     Venue is proper in this forum because Defendants have numerous and substantial contacts with the Northern District, including multiple branch offices in Northern California which employ class and subclass members.  Moreover, on March 30, 2018, Defendants removed this action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, the Class Action Fairness Act of 2005 ("CAFA").

5. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Alameda County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

6. Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a) Failing to pay employees for all overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b) Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay at the correct hourly rate for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d) Willfully failing to pay employees all overtime wages, meal period premium wages, and rest period premium wages, due within the time period specified by California law when employment terminates; and

(e) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

7. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

8.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff, the Class, and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

### A.     Plaintiff

9.     Plaintiff Irma Frausto is a California resident that worked for Defendants in Brea, California from approximately September 1999 to August 11, 2017, during which she worked as a Treasury Service Specialist from 2014 to 2017.

10.     Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.     Defendants

11.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Bank of America, National Association is:

(a)     A foreign corporation that has not designated a principal business office in California according to its latest Statement of Information (Foreign Corporation) on file with the California Secretary of State;

(b)     Maintains branches, facilities, and offices from which it transacts business in a variety of locations in Alameda County, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process; and

(c)     The former employer of Plaintiff, and the current and/or former employer of the putative Class.  Bank of America, National Association suffered and permitted Plaintiff, the Class, and the Aggrieved Employees to work, and/or controlled their wages, hours, or working conditions.

12.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names.

1   Each of the Doe Defendants was in some manner legally responsible for the damages suffered by

2   Plaintiff, the Class, and the Aggrieved Employees as alleged herein.  Plaintiff will amend this

3   complaint to set forth the true names and capacities of these Defendants when they have been

4   ascertained, together with appropriate charging allegations, as may be necessary.

5   　　　　13.　　At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and

6   each of them, were residents of, doing business in, availed themselves of the jurisdiction of,

7   and/or injured a significant number of the Plaintiff, the Class, and the Aggrieved Employees in

8   the State of California.

9   　　　　14.　　Plaintiff is informed and believes and thereon alleges that at all relevant times

10  each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and

11  the other employees described in the class definitions below, and exercised control over their

12  wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges

13  that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer,

14  director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest

15  and/or predecessor in interest of some or all of the other Defendants, and was engaged with some

16  or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to

17  some or all of the other Defendants so as to be liable for their conduct with respect to the matters

18  alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted

19  pursuant to and within the scope of the relationships alleged above, that each Defendant knew or

20  should have known about, and authorized, ratified, adopted, approved, controlled, aided and

21  abetted the conduct of all other Defendants.

22  　　　　**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

23  　　　　15.　　Plaintiff Irma Frausto is a California resident that worked for Defendants in Brea,

24  California from approximately September 1999 to August 11, 2017, during which she worked as

25  a Treasury Service Specialist from 2014 to 2017.  Defendants paid Plaintiff on an hourly basis

26  and classified her as non-exempt from overtime.  During Plaintiff's employment for Defendants,

27  Defendants typically scheduled Plaintiff to work 5 days in a workweek and at least 8 hours per

28  day, but there were also times when Plaintiff worked shifts greater than 8 hours in a workday.

Indeed, in 2016 Plaintiff worked at least 52.62 overtime hours in 2016 and at least 64.77 overtime hours in 2017.

16.     Throughout Plaintiff's employment, Defendants failed to pay Plaintiff the correct amount of overtime wages by failing to include all applicable remuneration in calculating the regular rate of pay, failed to provide Plaintiff with meal periods, failed to pay meal period premium wages correctly by failing to include all applicable remuneration in calculating the regular rate of pay, failed to authorize and permit Plaintiff to take rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated her employment, and failed to furnish accurate wage statements to Plaintiff.  As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

17.     Throughout the statutory period, Defendants maintained a policy and practice of failing to pay Plaintiff, the Class, and the Aggrieved Employees the correct amount of overtime pay in compliance with California law by failing to include all applicable remuneration in calculating the regular rate of pay.  Throughout the statutory period, Plaintiff, the Class, and the Aggrieved Employees worked more than 8 hours in a workday and more than 40 hours in a workweek.  In addition, Plaintiff, the Class, and the Aggrieved Employees earned non-discretionary bonuses, such as bonuses based on customer service surveys.  During Plaintiff's employment with Defendants, Defendants told her that she would receive a bonus if she received between four to six consecutive 10.0 ratings in customer service surveys.  Indeed, Alfonso Gutierrez, Plaintiff's supervisor, told Plaintiff that this was not an easy achievement. Defendants, however, failed to include these non-discretionary bonuses earned by Plaintiff, the Class, and the Aggrieved Employees for calculating the regular rate of pay for overtime purposes.  For instance, in 2016 Plaintiff worked at least 52.62 overtime hours and earned non-discretionary bonuses of at least $191.32; the bonuses were Defendants' method of awarding Plaintiff, the Class, and the Aggrieved Employees for meeting numerically defined performance thresholds related to customer service surveys.  Defendants, however, did not include these bonuses when calculating Plaintiff's regular rate of pay when paying her for overtime in 2016, instead paying her an overtime rate that was only based on Plaintiff's straight time rate of $21.40

per hour (i.e., Plaintiff's normal hourly wage).  Similarly, in 2017 Plaintiff worked at least 64.77 overtime hours and earned non-discretionary bonuses of at least $239.14.  Again, Defendants did not include these bonuses when calculating Plaintiff's regular rate of pay when paying her for overtime in 2017.  On information and belief, Defendants' failure to pay Plaintiff overtime correctly was a result of its policy and practice failing to include all applicable remuneration in calculating the regular rate of pay when paying overtime to Plaintiff, the Class, and the Aggrieved Employees.

18.    Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff, the Class, and the Aggrieved Employees with legally compliant meal periods. Defendants sometimes, but not always, required Plaintiff, the Class, and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff, the Class, and the Aggrieved Employees for all meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Indeed, Manny Golf, a Bank of America Manager in North Carolina, sent an e-mail to Plaintiff and certain class members stating that employees need to forego their breaks in order to deal with customers on calls.  On the occasions when Defendants did compensate Plaintiff, the Class, and the Aggrieved Employees for meal periods that were not provided according to California law, meal period premium pay was inadequate because it was based on an hourly rate of pay that did not include all compensation Plaintiff, the Class, and the Aggrieved Employees earned, such as non-discretionary bonuses.  For example, in 2017, Defendants failed to provide Plaintiff with legally compliant meal periods on at least 13 occasions (including four times during the pay period ending on 1/08/17); although Defendants paid Plaintiff meal period premium pay for these meal periods, those payments were inadequate because they were only based on Plaintiff's straight time rate, and not her regular rate of pay that included all bonuses she earned.  Defendants also failed to pay Plaintiff any premium wages at all for meal periods before 2017, even though Defendants failed to provide Plaintiff with legally compliant meal periods at least once or twice a month.  Moreover, on information and belief, Defendants required Plaintiff, the Class, and the

Aggrieved Employees to agree to waive meal periods for shifts greater than five hours but less than six hours long as a condition of employment by requiring all new hires to sign a meal period waiver form, making such meal period waivers involuntarily in violation of California law. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff, the Class, and the Aggrieved Employees in compliance with California law.

19.     Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff, the Class, and the Aggrieved Employees to take legally compliant rest periods.  Defendants regularly, but not always, required Plaintiff, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff, the Class, and the Aggrieved Employees for rest periods that were not authorized or permitted.  For example, throughout her employment, including in January 2017, Defendants required Plaintiff to work over four consecutive hours in a day without Defendants authorizing and permitting her to take a 10-minute, continuous and uninterrupted, rest period at least once or twice a month.  Indeed, Manny Golf, a Bank of America Manager in North Carolina, sent an e-mail to Plaintiff and certain class members stating that employees need to forego their breaks in order to deal with customers on calls.  Defendants, however, never paid Plaintiff any premium wages for missed rest periods at all during the statutory period.  On information and belief, Defendants' failure to authorize and permit Plaintiff to take legally compliant rest periods and failure to pay Plaintiff any rest period premium wages at all was a result of its policy and practice that applied to Plaintiff, the Class, and the Aggrieved Employees.

20.     Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff, the Class, and the Aggrieved Employees at the conclusion of their employment all final wages due at their termination of employment.  For example, Defendants terminated Plaintiff's employment on August 11, 2017 and did not issue Plaintiff her final paycheck on her last day, as required under California Labor Code § 202, but instead issued her final paycheck on August 15, 2017, four days late.  In addition, Plaintiff's final paycheck did not include payment

1  for all overtime wages, meal period premium wages, and rest period premium wages owed to her

2  by Defendants at the conclusion of her employment.  On information and belief, Defendants'

3  failure to timely pay Plaintiff's final wages when her employment terminated was not a single,

4  isolated incident, but was instead consistent with Defendants' policy and practice that applied to

5  Plaintiff, the Class, and the Aggrieved Employees.

6       21.    Throughout the statutory period, Defendants failed to furnish Plaintiff, the Class,

7  and the Aggrieved Employees with accurate, itemized wage statements showing all applicable

8  hourly rates, and all gross and net wages earned (including correct wages earned for overtime

9  pay, correct wages for meal periods that were not provided in accordance with California law,

10  and correct wages for rest periods that were not authorized and permitted to take in accordance

11  with California law).  As a result of these violations of California Labor Code § 226(a), the

12  Plaintiff, the Class, and the Aggrieved Employees suffered injury because, among other things:

13         (a)    the violations led them to believe that they were not entitled to be paid

14               overtime wages, meal period premium wages, and rest period premium

15               wages to which they were entitled, even though they were entitled;

16         (b)    the violations led them to believe that they had been paid the overtime,

17               meal period premium, and rest period premium wages to which they were

18               entitled, even though they had not been;

19         (c)    the violations led them to believe they were not entitled to be paid

20               overtime, meal period premium, and rest period premium wages at the

21               correct California rate even though they were;

22         (d)    the violations led them to believe they had been paid overtime, meal period

23               premium, and rest period premium wages at the correct California rate

24               even though they had not been;

25         (e)    the violations hindered them from determining the amounts of overtime,

26               meal period premium, and rest period premium wages owed to them;

27         (f)    in connection with their employment before and during this action, and in

28               connection with prosecuting this action, the violations caused them to have

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)   by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)   the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff, the Class, and the Aggrieved Employees were entitled, and Plaintiff, the Class, and the Aggrieved Employees were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff, the Class, and the Aggrieved Employees are owed the amounts provided for in California Labor Code § 226(e).

## CLASS ACTION ALLEGATIONS

22.   Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

23.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

24.   The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

25.   Plaintiff also seeks class certification of the following Sub-Classes:

**Meal Period Premium Sub-Class:**  All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent and received from any Defendant payment for a bonus and a missed meal period.

**Late Pay Sub-Class:** All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning three years

before the filing of the initial complaint in this action and ending when notice to the Class is sent and terminated their employment with any Defendant.

26.     At all material times, Plaintiff was a member of the Class and Sub-Classes.

27.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

28.     There is a well-defined community of interest in the litigation and the Class and Sub-Classes are readily ascertainable:

(a)     Numerosity:  The members of the Class and each Sub-Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class and Sub-Classes is unknown to Plaintiff at this time, however, the Class and each Sub-Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)     Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no conflicts with or interests antagonistic to any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority:  A Class Action is superior to other available methods for the

fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the Class and Sub-Classes in individually controlling the prosecution or defense of separate actions;

    2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class and Sub-Classes;

    3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    4)    The difficulties likely to be encountered in the management of a class action.

    (e)    <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

29.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

    (a)    Failed to pay Class Members the correct amount of overtime wages;

    (b)    Failed to provide meal periods and pay correct meal period premium wages to Class Members;

(c)     Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d)     Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e)     Failed to provide Class Members with accurate wages statements; and

(f)     Violated California Business & Professions Code §§ 17200 *et. seq.* as a result of their illegal conduct as described above.

30.     This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a)     The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)     A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c)     The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d)     Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class and each Sub-Class for the injuries sustained;

(f)     Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the Class and each Sub-Class which would establish incompatible standards of conduct for Defendants; and/or

2)      Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)     Defendants have acted or refused to act on grounds generally applicable to the Class and each Sub-Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

31.     Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class and each Sub-Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### (Against all Defendants for Failure to Pay Overtime Wages)

32.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

33.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

34.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed

by the Industrial Welfare Commission is unlawful.

35.    At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday and/or more than 40 hours in a workweek as employees of Defendants.

36.    At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.  Plaintiff and the Class are regularly required to work overtime hours.

37.    By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

38.    Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

39.    California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month.  The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period.  Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

## SECOND CAUSE OF ACTION

### (Against All Defendants for Failure to Provide Meal Periods)

40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

41.    Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal

periods no later than the start of the eleventh hour of work in the workday.  Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

42.     Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law.  By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

43.     Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

## THIRD CAUSE OF ACTION

### (Against All Defendants for Failure to Authorize and Permit Rest Periods)

44.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

45.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours).  Section 512 of the California Labor Code, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked.  Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks.  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.  It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

46.     Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday.  By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

47.     Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

48.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

49.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

50.     Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be.  However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

51.     Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within

seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

52.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

53.     Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

54.     Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## FIFTH CAUSE OF ACTION

### (Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)

55.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

56.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

57.    Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, and the failure to list the true net wages earned.

58.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

59.    Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

60.    Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming.  As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

61.    Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

62.    Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SIXTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

64.    Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

65.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

66.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

67.     A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

### Failure to Pay Overtime Wages

68.     Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Provide Meal Periods

69.     Defendants' failure to provide meal periods and pay meal period premium wages correctly in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

### Failure to Authorize and Permit Rest Periods

70.     Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

71.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from

Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

72.     Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

73.     Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

74.     Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

75.     Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

76.     Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

77.     Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a

permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

1021.5 and other applicable laws; and an award of costs.

///

## SEVENTH CAUSE OF ACTION

### (Against all Defendants for Civil Penalties Under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq.)

78.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 21 in this Complaint.

79.    At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

80.    California Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

81.    Plaintiff has exhausted her administrative remedies pursuant to California Labor Code § 2699.3.  On February 14, 2018, she gave written notice by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Plaintiff and current and former aggrieved employees, including the facts and theories to support the violations.  Plaintiff also paid the filing fee on February 20, 2018.  Plaintiff's PAGA case number is LWDA-CM-456943-18.

82.    More than 65 days has elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants'

Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor Code described in this Complaint.  These penalties include, but are not limited to, penalties under California Labor Code §§ 210, 226.3, 558, 1174.5, 1197.1, and 2699.

83.   Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of herself, the State of California, and similarly Aggrieved Employees of Defendants.  The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial.  These penalties are in addition to all other remedies permitted by law.

84.   In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action;

2.   That Plaintiff be appointed as the representative of the Class; and

3.   That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

5.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

6.   For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

7.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

8.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

9.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

10.     For unpaid meal period premium wages as may be appropriate;

11.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

12.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

13.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

14.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

15.     For unpaid rest period premium wages as may be appropriate;

16.     For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

17.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

18.     For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

19.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

20.     For all actual, consequential and incidental losses and damages, according to proof;

21.     For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

22.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

23.     For reasonable attorneys' fees and for costs of suit incurred herein; and

24.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

26.     For all actual, consequential and incidental losses and damages, according to proof;

27.     For statutory penalties pursuant to California Labor Code § 226(e);

28.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

29.     For reasonable attorneys' fees and for costs of suit incurred herein; and

30.     For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

31.     That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq.* by failing to pay overtime wages correctly, failing to provide meal periods and pay the correct amount of meal period premium wages, and failing to authorize and permit rest periods;

32.     For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

33.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

34. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

35. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and,

36. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

37. That the Court declare, adjudge and decree that Defendants violated the California Labor Code by failing to pay overtime wages correctly, failing to provide meal periods and pay the correct amount of meal period premium wages, and failing to authorize and permit rest periods, failing to timely pay all wages to terminated employees, and failing to furnish accurate wage statements;

38. For all actual, consequential and incidental losses and damages, according to proof;

39. For all civil penalties pursuant to California Labor Code § 2699, *et seq.*, and all other applicable Labor Code provisions;

40. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 2699;

41. For such other and further relief as the Court may deem equitable and appropriate.

### As to all Causes of Action

42. For any additional relief that the Court deems just and proper.

Dated: June 8, 2018                    Respectfully submitted,

MOON & YANG, APC


By: /s/ Justin F. Marquez
Kane Moon
Justin F. Marquez
Attorneys for Plaintiff Irma Frausto

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury as to all causes of action triable by jury.

3

Dated: June 8, 2018                          MOON & YANG, APC

4

5

By: /s/ Justin F. Marquez

6
Kane Moon
Justin F. Marquez
Attorneys for Plaintiff Irma Frausto

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT