UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FRAUSTO,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>    Defendant. | Case No. 18-cv-01983-MEJ<br><br>**ORDER RE: MOTION TO DISMISS AND/OR MOTION TO STRIKE**<br><br>Re: Dkt. No. 26 |

## INTRODUCTION

Plaintiff Irma Frausto alleges various putative wage and hour class action claims against her former employer, Bank of America, N.A. Pending before the Court is Bank of America's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, Motion to Strike pursuant to Rule 12(f). Dkt. No. 26. Ms. Frausto filed an Opposition (Dkt. No. 29) and Bank of America filed a Reply (Dkt. No. 36). The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 9, 2018 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART and DENIES IN PART** Bank of America's Motion for the following reasons.

## BACKGROUND

Irma Frausto worked for Bank of America in Brea, California from approximately September 1999 to August 11, 2017, including as a Treasury Service Specialist from 2014 to 2017. First Am. Compl. ("FAC") ¶ 9, Dkt. No. 24. Bank of America paid Ms. Frausto by the hour and classified her as non-exempt from overtime pay. *Id.* ¶ 15. Bank of America typically

scheduled Ms. Frausto to work five days in a workweek and at least eight hours per day, but there were also times when she worked longer shifts. *Id.* Ms. Frausto worked at least 52.62 overtime hours in 2016 and at least 64.77 overtime hours in 2017. *Id.* She alleges that throughout her employment, Bank of America failed to pay the correct amount of overtime wages, failed to provide meal periods, failed to pay meal period premium wages, failed to provide rest periods, failed to timely pay all final wages when it terminated her employment, and failed to furnish accurate wage statements. *Id.* ¶ 16.

On February 22, 2018, Ms. Frausto initiated this action in the Alameda County Superior Court, alleging: (1) failure to pay overtime compensation, Cal. Labor Code §§ 510, 1194, 1198; (2) failure to provide meal periods, Cal. Labor Code §§ 226.7, 512; (3) failure to authorize and permit rest breaks, Cal. Labor Code § 226.7; (4) failure to timely pay final wages at termination, Cal. Labor Code §§ 201-03; (5) failure to provide accurate itemized wage statements, Cal. Labor Code § 226; and (6) unfair business practices, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") Compl, Dkt. No. 1-1. On March 30, 2018, Bank of America removed the case to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1453. Not. of Removal, Dkt. No. 1. On June 8, 2018, Ms. Frausto filed her First Amended Complaint, adding a seventh cause of action for civil penalties under California's Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698, *et seq.* Ms. Frausto's proposed class consists of "All persons who worked for any Bank of America in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." FAC ¶ 24. Ms. Frausto also seeks certification of two sub-classes:

> **Meal Period Premium Sub-Class:** All persons who worked for any Bank of America in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent and received from any Bank of America payment for a bonus and a missed meal period.
>
> **Late Pay Sub-Class:** All persons who worked for any Bank of America in California as a non-exempt employee at any time during the period beginning three years before the filing of the initial complaint in this action and ending when notice to the Class is sent

and terminated their employment with any Bank of America.

*Id.* ¶ 25.

Bank of America now moves to dismiss all of Ms. Frausto's claims.

## LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when the complaint does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement[',] but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

3

banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**B.     Rule 12(f)**

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## DISCUSSION

**A.     Failure to Pay Overtime Wages**

Ms. Frausto's first cause of action is for failure to pay overtime wages pursuant to California Labor Code section 510. FAC ¶¶ 32-39. Section 510(a) requires employers to pay non-exempt employees "no less than one and one-half times the regular rate of pay for an employee" for "any work in excess of 40 hours in any one workweek." Bank of America argues Ms. Frausto's factual allegations are conclusory because she fails to identify any specific workweek in which she was not properly paid for overtime hours worked. Mot. at 3. Although she generally alleges she earned bonuses in 2016 and 2017, Bank of America notes she does not

4

identify any specific workweek in which she earned both a non-discretionary bonus and overtime wages, and argues this omission is critical because the Court "cannot reasonably infer that the Bank failed to properly calculate her regular rate of pay for overtime purposes unless Ms. Frausto pleads a plausible basis to infer that she actually worked overtime during any workweeks in which she was paid a non-discretionary bonus." *Id.*

Having reviewed Ms. Frausto's allegations, the Court finds they are sufficient facts to support her claim. While an employee need not allege "with mathematical precision" the amount of overtime compensation owed, she must provide "sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), as amended (Jan. 26, 2015) (quoting *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)). In *Landers*, the plaintiff alleged various inadequacies in his employer's overtime policies, but "[n]otably absent from the allegations in [the plaintiff's] complaint . . . was any detail regarding a given workweek when [he] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* The court held that because the plaintiff simply alleged he was not paid for overtime hours, without providing details about the overtime hours worked, his allegations merely "'raise[d] the possibility' of undercompensation", which was "not the same as plausibility." *Id.* (quoting *Nakahata*, 723 F.3d at 201).

Here, Ms. Frausto alleges she "earned non-discretionary bonuses, such as bonuses based on customer service surveys" and that Bank of America "failed to include these non-discretionary bonuses . . . for calculating the regular rate of pay for overtime purposes." FAC ¶ 17. Ms. Frausto further alleges she earned non-discretionary bonuses based on customer service surveys in the amount of $191.32 in 2016 and $239.14 in 2017, and that despite working at least 52.62 overtime hours in 2016 and at least 64.77 overtime hours in 2017, Bank of America failed to include these bonuses when paying her for overtime. *Id.* Instead, Bank of America only paid her overtime based on her straight time hourly rate (i.e., her normal hourly wages). *Id.* Ms. Frausto alleges that what happened to her was a result of Bank of America's policy and practice of failing to include

5

all applicable remuneration in calculating the regular rate of pay when paying overtime to its employees. *Id.* These allegations are sufficient to survive a motion to dismiss. *See Daugherty v. SolarCity Corp.*, 2017 WL 386253, at *5 (N.D. Cal., Jan. 26, 2017) ("Thus, not only has [plaintiff] alleged that [defendant] failed to pay adequate overtime wages that she earned on 'at least one workweek[',] as required by *Landers*, [plaintiff's] allegations support the inference that [defendant] typically failed to pay adequate overtime wages. Under *Landers*, that allegation is sufficient."). Ms. Frausto's factual allegations plausibly support the inference that Bank of America failed to pay her overtime when it was owed on at least one occasion. That is enough under *Landers*. *Daugherty*, 2017 WL 386253, at *5.

Accordingly, the Court **DENIES** Bank of America's motion to dismiss Ms. Frausto's claim for failure to pay overtime wages.

### B. Failure to Provide Meal Periods

Ms. Frausto's second cause of action is for failure to provide meal periods pursuant to California Labor Code section 512. FAC ¶¶ 40-43. Section 512 requires employers to provide non-exempt employees with an uninterrupted meal period of at least thirty minutes for each work period of five hours (and two meal periods for each period of ten hours). For each workday on which an employer fails to provide such meal periods, California Labor Code section 226.7 requires the employer to pay the employee "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Bank of America argues Ms. Frausto's allegations must be dismissed because she fails to plausibly suggest she and potential class members were actually prevented from taking meal breaks or that they did not actually take meal breaks, nor does she plausibly suggest that any meal period waiver forms were signed involuntarily. Mot. at 5. Bank of America maintains that, "[a]t best, Plaintiff implies (but does not actually allege) that she skipped her meal breaks due to workload. But, even where plaintiffs have alleged even more facts than Plaintiff has alleged here regarding so-called pressure to miss meal breaks, courts have found the allegations to be conclusory, generic, and insufficient under Rule 8." *Id.*

Ms. Frausto alleges that Bank of America's policies and practices impeded her and class

members from taking legally mandated meal and rest periods, and that it failed to adequately compensate its employees for these missed meal and rest periods. FAC ¶ 18, 19. Specifically, Ms. Frausto alleges that "Manny Golf, a Bank of America Manager in North Carolina, sent an e-mail to Plaintiff and certain class members stating that employees need to forego their breaks in order to deal with customers on calls." *Id.* ¶ 18, 19. Ms. Frausto also alleges Bank of America failed to pay her any meal period premium wages at all before 2017, even though it failed to provide her with legally compliant meal periods at least once or twice per month. *Id.* Similarly, Ms. Frausto alleges Bank of America failed to pay her any rest period premium wages at all during her employment, even though it required her to work and forego a rest period at least once or twice a month. *Id.* ¶ 19. The Court finds these allegations sufficient. *See Ambriz v. Coca Cola Co.*, 2013 WL 5947010, *4-5 (N.D. Cal. Nov. 5, 2013) (holding that the plaintiff had plausibly stated a rest break claim under California law where the plaintiff alleged that "Defendant did not provide him with a net rest period of ten minutes per four hour work period, that Defendant maintained a policy of not providing him and members of the Rest Break Subclass with net rest periods of at least ten minutes per four hour work period, and that Defendant failed to pay premium wages when the rest breaks were not provided"); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 941 (N.D. Cal. 2016). Ms. Frausto "is not required to allege the non-existence of something, such as rest periods, with any greater specificity than [s]he has done here." *Ambriz*, 2013 WL 5947010, *5.

Ms. Frausto further alleges that even when Bank of America compensated her for these missed meal periods, such as the thirteen occasions in 2017 (including four times during the pay period ending on January 8, 2017), these payments were inadequate because they were only based on her straight time rate, not her regular rate of pay that includes all bonuses earned. FAC ¶ 18. Bank of America argues this claim must fail because there is no California law that requires the payment of meal break premiums in the manner Ms. Frausto alleges. Mot. at 7. As noted above, an employer is required to provide one additional hour of pay "at the employee's regular rate of compensation" for each day that a meal or rest period is not provided. Cal. Labor Code § 226.7(c). Bank of America argues any such payment does not require the inclusion of bonuses

earned, as Ms. Frausto requests. Mot. at 7. The Court agrees. In *Bradescu v. Hillstone Resaurant Group, Inc.*, the court concluded that "there is no authority supporting the view that 'regular rate of compensation[',] for purposes of meal period compensation, is to be interpreted the same way as 'regular rate of pay' is for purposes of overtime compensation." 2014 WL 5312546, *8 (C.D. Cal. Sept.18, 2014). After reviewing the plain language of section 226.7(c), and the relevant overtime statute, the court explained that "the legislature's choice of different language is meaningful. . . ." *Id.*

Similarly, in *Brum v. MarketSource, Inc.*, the court declined to ignore the distinction between the phrases "regular rate of compensation" and "regular rate of pay." 2017 WL 2633414, *5 (E.D. Cal. June 19, 2017). The court turned to the longstanding principle that "[i]f the legislature carefully employs a term in one statute and deletes it from another, it must be presumed to have acted deliberately." *Id.* (quoting *Ferguson v. Workers' Comp. Appeals Bd.*, 33 Cal. App. 4th 1613, 1621 (1995); and citing *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) for the proposition that different terms in the same statute are presumed "intentional[ ]" and "purposeful"). The court therefore found "the legislature's choice to use the word 'compensation' instead of 'pay' meaningful in the absence of authority to the contrary" and struck the plaintiffs' allegations regarding miscalculation of meal and rest break premiums without leave to amend. *Id.*

Likewise, in *Wert v. U.S. Bancorp*, the "distinctions in the use of particular language" led the court "to the conclusion that the phrases 'regular rate of compensation' and 'regular rate of pay' are not synonymous and should not be used interchangeably." 2014 WL 7330891, *5 (S.D. Cal. Dec. 18, 2014).

Consequently, there is no legally tenable argument that section 226.7 payments should be paid at the "regular rate" used for overtime purposes. In fact, in *Murphy v. Kenneth Cole Products, Inc.*, the California Supreme Court recognized that "the section 226.7 payment[] uses the employee's rate of compensation", and not the employee's "regular rate" used for overtime purposes. 40 Cal. 4th 1094, 1113 (2007).

Accordingly, the Court **DENIES** Bank of America's motion to dismiss Ms. Frausto's claim for failure to provide meal periods. However, the Court **GRANTS** Bank of America's

8

motion to the extent Ms. Frausto seeks payment above her "regular rate of compensation" **WITHOUT LEAVE TO AMEND**.

### C. Failure to Provide Rest Periods

Ms. Frausto's third cause of action is for failure to provide rest periods pursuant California Labor Code section 226.7. FAC ¶¶ 44-47. Bank of America argues her claim must be dismissed for the same reason as her meal period claim, namely that she fails to identify a specific week in which she was entitled to but not authorized to take a legally-complaint rest break and that she does not identify any common policy, practice, or procedure that applied to the potential class members in a uniform or systemic manner to deprive them of breaks. Mot. at 11. However, "[t]he pleading standards set forth in *Landers* apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations." *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016), motion for relief from judgment denied sub nom. *Shann v. Duhram Sch. Servs., L.P.*, 2017 WL 5973296 (C.D. Cal. Jan. 31, 2017); *see also Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *3 (C.D. Cal. Apr. 20, 2017); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016). Accordingly, the Court **DENIES** Bank of America's motion to dismiss Ms. Frausto's claim for failure to provide rest periods. However, the Court **GRANTS** Bank of America's motion to the extent Ms. Frausto seeks payment above her "regular rate of compensation" **WITHOUT LEAVE TO AMEND**.

### D. Failure to Pay Waiting Time Penalties

Ms. Frausto's fourth cause of action seeks penalties under California Labor Code section 203 for alleged violations of sections 201 and 202. FAC ¶¶ 48-53. Under section 201, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." If an employee quits without providing previous notice of at least seventy-two hours, section 202 applies and requires an employer to pay all wages due within seventy-two hours of the employee's resignation. Cal. Labor Code § 202. Section 203 applies if the employer willfully violates either of these statutes. Specifically, section 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits,

9

> the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

These are known as the "final pay" statutes, as they apply to an employer's obligation to promptly tender an employee's wages due at the conclusion of her employment. *See Pena v. Taylor Farms Pac., Inc.*, 2013 WL 5703505, at *6 (E.D. Cal. Oct. 15, 2013) (referring to sections 201 and 202 as the "California final pay statutes"); *Johnson v. Sunrise Senior Living Mgmt., Inc.*, 2016 WL 8929249, at *7 (C.D. Cal. May 5, 2016) (same).

Bank of America first argues Ms. Frausto's claim must be dismissed because she alleges only in conclusory fashion that it "willfully" failed to pay her and potential class members their wages upon termination, without any plausible factual support. Mot. at 12. The Court disagrees. Ms. Frausto alleges her final paycheck is deficient because it did not include all overtime, meal period premium, and rest period premium wages owed to her. FAC ¶ 20. Such allegations support a claim for waiting time penalties. *Daugherty*, 2017 WL 386253, at *8 (dismissing the plaintiff's section 203 waiting time penalties claim with leave to amend to offer an explanation of what wages remain unpaid and suggesting "[p]ossibly, she means the unpaid overtime wages and meal-period/rest-break premium wages."). Further, "in civil cases, the word 'willful[',] as ordinarily used in courts of law, does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally. It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent." *Baker v. Am. Horticulture Supply, Inc.*, 186 Cal. App. 4th 1059, 1074-75 (2010) (internal citation omitted), as modified on denial of reh'g (July 21, 2010).

Bank of America also argues Ms. Frausto's section 203 claim fails to the extent it relies on a failure to make section 226.7 meal and rest period payments at termination because section 226.7 payments do not constitute "wages earned" under California Labor Code section 201. Mot. at 13. Two California Supreme Court cases have addressed this issue in other contexts. In *Murphy*, the California Supreme Court held that meal and rest premiums sought under section 226.7 are wages for statute of limitations purposes. 40 Cal. 4th at 1113. There, the appellant

argued payments ordered for meal and rest period violations were "penalties" and therefore subject to the statute of limitations related to penalties. *Id.* at 1102. The Court disagreed, holding the payments were "wages" and fell under the statute of limitations for statutory liabilities other than penalties, including related to wages. *Id.* at 1113. The Court noted that payments for meal and rest period violations had a "behavior-shaping purpose", but were "first and foremost [meant] to compensate employees for their injuries." *Id.* at 1110-11. The Court concluded that payments for meal and rest period violations were wages, rather than penalties, and therefore fell under the statute of limitations related to wages. *Id.*

In a subsequent case, *Kirby v. Immoos Fire Protection*, the Court confronted the same question in a case in which an employer sought to recover attorney's fees from employees who had unsuccessfully litigated a claim for meal and rest premiums under section 226.7. 53 Cal. 4th 1244, 1248 (2012). Under California law, the prevailing party may recover attorney's fees in any action brought for the "nonpayment of wages." Cal. Labor Code § 218.5. The Court held that the employer was not entitled to attorney's fees because "a section 226.7 claim is not an action brought for nonpayment of wages; it is an action brought for non-provision of meal or rest breaks." *Kirby*, 53 Cal. 4th at 1257. Like in *Murphy*, the Court affirmed that a section 226.7 remedy is a wage, but noted that calling a section 226.7 remedy a wage "is not to say that the legal violation triggering the remedy is nonpayment of wages. As explained above, the legal violation is nonprovision of meal or rest breaks, and the object that follows the phrase 'action brought for' in section 218.5 is the alleged legal violation, not the desired remedy." *Id.* Thus, the remedy for a section 226.7 violation is a wage, but the violation triggering the remedy is failure to provide meal or rest breaks, not nonpayment of wages. *Id.*

As the parties have identified, district courts disagree over whether payment for meal and rest period violations pursuant to section 226.7 are also wages for the purpose of section 203 penalties. Mot. at 14-15; Opp'n at 9. However, a majority of courts, including those in this District, have found that premiums for unpaid rest breaks are "wages" entitling plaintiffs to waiting time penalties under Labor Code section 203 for failure to timely pay wages upon termination. *See In re: Autozone, Inc.*, 2016 WL 4208200, at *6 (N.D. Cal. Aug. 10, 2016),

11

*reconsideration denied sub nom. In re: AutoZone, Inc.*, 2016 WL 6834138 (N.D. Cal. Nov. 21, 2016), *leave to appeal denied sub nom. Ellison v. AutoZone Inc.*, 2017 WL 6048892 (9th Cir. Mar. 3, 2017); *but see Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1261 (2016) ("[T]he remedy for a section 226.7 violation is an extra hour of pay, but the fact that the remedy is measured by an employee's hourly wage does not transmute the remedy into a wage as that term is used in section 203").

This Court agrees with the majority of courts that meal and rest premiums are wages for the purposes of waiting time penalties. "The definition of 'wages' is construed broadly in favor of employees." *Brewer v. Gen. Nutrition Corp.*, 2015 WL 5072039, at *18 (N.D. Cal. Aug. 27, 2015) (citing *Murphy*, 40 Cal. 4th at 1103). Giving a broad reading of the term "wages", as the California Supreme Court has called for, the Court finds that unpaid meal and rest period premiums are "wages" for the purposes of California Labor Code section 203.

Accordingly, the Court **DENIES** Bank of America's motion as to Ms. Frausto's fourth claim for failure to pay waiting time penalties.

### E. Failure to Provide and Maintain Accurate and Compliant Wage Records

In her fifth cause of action, Ms. Frausto alleges Bank of America failed to provide accurate wage statements. FAC ¶¶ 55-62. California Labor Code section 226(a) requires "an accurate itemized statement in writing" showing nine specific items. An employee who suffers an injury "as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover" damages. Cal. Labor Code § 226(e). To establish liability under section 226(e), an employee must demonstrate: "(1) a failure to include in the wage statement one or more of the required items from Section 226(a); (2) that failure was 'knowing and intentional'; and (3) a resulting injury." *Brewer*, 2015 WL 5072039, at *5. "[A] knowing and intentional failure must be more than an isolated and unintentional payroll error due to a clerical or inadvertent mistake." *Willner v. Manpower, Inc.*, 35 F. Supp. 3d 1116, 1131 (N.D. Cal. 2014) (internal quotation marks omitted).

Bank of America first argues Ms. Frausto fails to allege any facts to plausibly suggest it provided inaccurate wage statements or that it did so knowingly and intentionally. Mot. at 16.

Bank of America contends Ms. Frausto simply alleges in conclusory fashion that it "'ha[s] intentionally and willfully failed to provide employees with complete and accurate wage statements.'" *Id.* (quoting FAC ¶ 57). And, even assuming Ms. Frausto properly alleged a knowing and intentional failure, Bank of America argues she still fails to properly allege that she suffered injury as a result of any such violation. *Id.* at 17. However, Ms. Frausto also alleges Bank of America failed to correctly identify gross and net wages, and that calculation of the true wage entitlement "is difficult and time consuming." FAC ¶¶ 57, 60. Injuries from a failure to provide an accurate pay statement include the "possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Elliot v. Spherion Pac. Works, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008). Here, Ms. Frausto pleads that she and the class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period. FAC ¶ 60. This is a sufficient allegation of an injury. *See Daugherty*, 2017 WL 386253 at *7 (finding that plaintiff's allegations regarding defendant's failure to calculate and pay the regular rate correctly for overtime supported a claim for inaccurate wage statements, and noting that "[i]n 2013, the California Legislature amended Section 226 [to] provide that an employee is deemed to suffer injury if an employer 'fails to provide accurate and complete information as required by [section 226(a)] and the employee cannot promptly and easily determine from the wage statement alone' the information required to be conveyed."); *Ambriz*, 2013 WL 5947010, at *7 (finding allegations that defendant failed to provide "written wage statements with accurate entries for hours worked, corresponding wage rates, and gross and net wages, as a result of not paying him minimum, overtime, and/or vacation wages" sufficient to establish injury); *Contreras v. Performance Food Grp., Inc.*, 2014 WL 6481365, at *4 (N.D. Cal. Nov. 18, 2014) (alleging that wage statements did not accurately show all wages earned because of failure to provide meal break payments and a piece-rate compensation system is sufficient to constitute "injury" under section 226).

Bank of America next argues that meal and rest period premiums need not appear on wage

13

statements because they are liquidated damages, not wages. Mot. at 19-21. Courts have split as to whether premiums for meal and rest periods are wages for the purpose of accurate pay statements, but the majority of courts have held that meal and rest premiums are wages, finding the holding in *Murphy* remains controlling: that the "additional hour of pay" premium owed for meal and rest violations is a "wage" and must be included in pay statements. *See, e.g., Abad v. Gen. Nutrition Centers, Inc.*, 2013 WL 4038617, at *3 (C.D. Cal. Mar. 7, 2013) (holding that a claim for failure to provide accurate pay statements can be based on meal and rest premiums owed under section 226.7 because *Murphy* held that such premiums are wages, and collecting cases in accord); *Castillo v. Bank of Am. Nat'l Ass'n*, 2018 WL 1409314, at *8 (C.D. Cal. Feb. 1, 2018); *but see Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1195 (E.D. Cal. 2017) (holding—based on *Kirby*—that meal and rest premiums are not wages for the purpose of accurate pay statements, because pay statements are aimed at promoting transparency, whereas meal and rest requirements are aimed at promoting health and welfare). This Court agrees with the majority position that because *Murphy* held meal and rest premiums are wages, a plaintiff can bring a claim for failure to accurately describe these wages on pay statements. *See Murphy*, 40 Cal. 4th at 1113. Thus, Ms. Frausto adequately pleads that she did not receive an accurate wage statement.

Accordingly, the Court **DENIES** Bank of America's motion as to Ms. Frausto's fifth claim for failure to provide accurate wage statements.

**F.    UCL Claim**

Bank of America argues, and Ms. Frausto agrees, that her sixth claim for violation of the UCL is derivative of her underlying claims that Bank of America failed to pay her and class members overtime pay and meal and rest break premiums. Mot. at 21; Opp'n at 11. Under the UCL, a private plaintiff's "remedies are generally limited to injunctive relief and restitution." *Clark v. Superior Court*, 50 Cal. 4th 605, 610 (2010) (internal citations and quotation marks omitted). Restitution is aimed at restoring the plaintiff to the status quo. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177 (2000). In her sixth claim, Ms. Frausto seeks recovery for Bank of America's failure to pay overtime wages, failure to provide meal periods, and failure to authorize and permit rest periods. FAC ¶¶ 68-70.

14

Courts have held that payments for meal and rest period premiums from section 226.7 are restitutionary. *See, e.g., Tomilson v. Indymac Bank*, 359 F. Supp. 2d 891, 896 (C.D. Cal. 2005); *Castillo*, 2018 WL 1409314, at *9. Like the plaintiffs in *Tomilson* and *Castillo*, Ms. Frausto is seeking to recover wages owed under section 226.7. As these unpaid wages belong to the employee, they may be recovered as restitution. *Cortez*, 23 Cal. 4th at 178; *Castillo*, 2018 WL 1409314, at *9. "An order that earned wages be paid is . . . a restitutionary remedy authorized by the UCL." *Cortez*, 23 Cal. 4th at 178. Therefore, Ms. Frausto can maintain a UCL claim because she is seeking restitution for wages she is owed under section 226.7.

Bank of America also argues Ms. Frausto's claim for injunctive relief should be dismissed because she lacks standing to seek such relief as a former employee. Mot. at 23. It is undisputed that Ms. Frausto is no longer employed by Bank of America. *See* FAC ¶ 15. The Ninth Circuit has held that "[a] former employee currently seeking to be reinstated or rehired may have standing to seek injunctive relief against a former employer. But a former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (internal citations omitted); *see also Davidson v Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017) (threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute injury in fact supporting injunctive relief). That Ms. Frausto purports to represent a class in this action does not alter the analysis. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (explaining a plaintiff may have standing in state court to seek such relief, but nonetheless may be unable to establish Article III standing to pursue injunctive relief in federal court because he cannot demonstrate real or immediate threat of irreparable injury); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."); *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1138 (N.D. Cal. 2017) ("In a class action, a plaintiff 'cannot rely on the prospect of future injury to unnamed class members if they cannot establish they have standing to seek injunctive relief.'"). Ms. Frausto does not allege she may

15

seek future employment with Bank of America and therefore lacks Article III standing to seek injunctive relief because she cannot demonstrate a credible threat of future injury.

Accordingly, the Court **DENIES** Bank of America's motion as to Ms. Frausto's sixth claim for unfair competition. However, the Court **GRANTS** the motion as to Ms. Frausto's request for injunctive relief.

### G. Civil Penalties Under PAGA

In her seventh cause of action, Ms. Frausto seeks civil penalties under PAGA, Cal. Labor Code § 2699, for violations of the California Labor Code as alleged in her complaint. FAC ¶¶ 78-84. A PAGA claim is derived from statute and deputizes "aggrieved employees" to recover civil penalties against a current or former employer, placing the employees in the enforcement shoes of the California Labor and Workforce Development Agency. *Arias v. Superior Court.*, 46 Cal. 4th 969, 986 (2009) (an employee suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies"). Section 2699(a) of the California Labor Code provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Bank of America argues Ms. Frausto's claim fails as a matter of law "because it is wholly derivative of her factually and legally insufficient allegations." Mot. at 23. However, as discussed above, Ms. Frausto's statutory claims that form the basis of her PAGA cause of action survive. Accordingly, the Court **DENIES** Bank of America's motion as to Ms. Frausto's seventh cause of action under PAGA.

### H. Prayer for Actual, Consequential, and Incidental Losses

In paragraphs 20, 26, and 38 of the Prayer for Relief in her FAC, Ms. Frausto requests "actual, consequential[,] and incidental losses and damages." Bank of America moves to strike these paragraphs as "immaterial, impertinent[,] and/or irrelevant under Rule 12(f) because such remedies are not recoverable under the Labor Code sections Ms. Frausto invokes for her purported

16

claims." Mot. at 24. Ms. Frausto does not address Bank of America's argument and therefore appears to have abandoned her requests. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (internal citations and quotation omitted); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition to motion for summary judgment); *Banuelos v. UPS Ground Freight, Inc.*, 2016 WL 47259, at *7 (C.D. Cal. Jan. 4, 2016), judgment entered, 2016 WL 64181 (C.D. Cal. Jan. 4, 2016) ("By failing to present argument or evidence concerning the other factors, Plaintiff has waived any dispute as to UPS having established the remaining elements of the executive and administrative exemptions.").

Accordingly, the Court **GRANTS** Bank of America's motion and **STRIKES** paragraphs 20, 26, and 38 of the Prayer for Relief in Ms. Frausto's FAC.

**I.      California Labor Code Section 204**

Bank of America separately moves to strike paragraph 39 of the FAC regarding its alleged failure to pay wages in compliance with California Labor Code section 204. Mot. at 24. Section 204(a) establishes that wages must generally be paid on a semimonthly schedule. "The remedy for a violation of section 204 is found under section 210", which provides for civil penalties. *Byrd*, 2016 WL 756523, at *7. More specifically, that section provides for a penalty of $100 for "any initial violation" for "each failure to pay each employee" as provided in section 204, and for "each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Cal. Labor Code § 210.

Bank of America contends Ms. Frausto fails to allege any facts which would plausibly suggest it failed to comply with section 204's pay timing requirements, as her claim appears to be predicated solely on the alleged nonpayment of wages.[1] Mot. at 24-25. The Court agrees. Ms.

---

[1] Ms. Frausto does not address Bank of America's argument, but instead maintains that she has a private right of action to sue under section 204. Opp'n at 13 ("Bank of America argues that Ms.

17

Frausto alleges:

> California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

FAC ¶ 39. While Ms. Frausto seems to allege Bank of America violated section 204 by failing to provide all compensation due, section 204 simply regulates the timing of wage payments and does not provide for the payment of any particular type of wages or create any substantive right to wages. *See Singer v. Becton, Dickinson & Co., Med-Safe Sys.*, 2008 WL 2899825, *3 (S.D. Cal. July 23, 2008) ("Despite section 204's use of the word 'wages[',] section 204 does not provide for the payment of any wages nor create any substantive right to wages. The only right furthered by the section is the timely payment of wages."); *Hadjavi v. CVS Pharm., Inc.*, 2010 WL 7695383, *2 (C.D. Cal. Sept. 22, 2010) (holding that section 204 "deals solely with the timing of wages and not whether these wages were paid"); *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) ("Section 204 requires the payment of wages in a timely manner; it does not provide a right to wages."); *See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889, 905 (2012) (same); *In re Application of Moffett*, 19 Cal. App. 2d 7, 13 (1937) ("[T]he sole purpose of [section 204] . . . is to require an employer of labor who comes within its terms to maintain two regular pay days each month."). Nowhere in her FAC does Ms. Frausto allege Bank of America failed to comply with section 204's pay timing requirements. Instead, this claim is redundant of her claims that Bank of America failed to pay wages.

Accordingly, the Court **GRANTS** Bank of America's motion and **STRIKES** paragraph 39 from the FAC.

## CONCLUSION

Based on the analysis above, the Court **ORDERS** as follows:

1) Bank of America's motion to dismiss Ms. Frausto's first cause of action for failure

---

Frausto does not have a private right of action to sue under California Labor Code § 204. Not so."). But nowhere in its motion or reply brief does Bank of America make this argument.

1     to pay overtime wages is **DENIED**.

2         2)    Bank of America's motion to dismiss Ms. Frausto's second cause of action for

3     failure to provide meal periods is **DENIED**.  However, Bank of America's motion is **GRANTED**

4     to the extent Ms. Frausto seeks payment above her "regular rate of compensation" **WITHOUT**

5     **LEAVE TO AMEND**.

6         3)    Bank of America's motion to dismiss Ms. Frausto's third cause of action for failure

7     to provide rest periods is **DENIED**.  However, the motion is **GRANTED** to the extent Ms.

8     Frausto seeks payment above her "regular rate of compensation" **WITHOUT LEAVE TO**

9     **AMEND**.

10        4)    Bank of America's motion to dismiss Ms. Frausto's fourth cause of action for

11    failure to pay waiting time penalties is **DENIED**.

12        5)    Bank of America's motion to dismiss Ms. Frausto's fifth cause of action for failure

13    to provide accurate wage statements is **DENIED**.

14        6)    Bank of America's motion to dismiss Ms. Frausto's sixth cause of action for unfair

15    competition is **DENIED**.  However, the motion is **GRANTED** to the extent Ms. Frausto seeks

16    injunctive relief **WITHOUT LEAVE TO AMEND**.  If a plaintiff with standing to seek such

17    relief joins the action, he or she may seek leave to amend the pleadings at that time.

18        7)    Bank of America's motion to dismiss Ms. Frausto's seventh cause of action under

19    PAGA is **DENIED**.

20        8)    Bank of America's motion to strike paragraph 39 of the FAC is **GRANTED**.

21        9)    Bank of America's motion to strike paragraphs 20, 26, and 38 of the Prayer for

22    Relief in Ms. Frausto's FAC is **GRANTED**.

23        Because the Court did not consider any documents submitted by the parties, their

24    respective requests for judicial notice (which were e-filed as part of the Motion and Opposition

25    and not separately) are **DENIED AS MOOT**.

26        **IT IS SO ORDERED.**

27    Dated: August 2, 2018                    _____
                                               MARIA-ELENA JAMES
28                                             United States Magistrate Judge