**JAMES HAWKINS APLC**
JAMES R. HAWKINS SBN 192925
GREGORY MAURO, SBN 222239
MICHAEL CALVO, SBN 314986
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com
Michael@jameshawkinsaplc.com

Attorneys for CINDY R. CASTILLO individually, and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA FRAUSTO, et al.<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.<br><br>Defendants. | CASE NO. **3:18-cv-01983-LB**<br>**Hon. Laurel Beeler**<br><br>**NOTICE OF FILING OF PLAINTIFF CINDY R. CASTILLO'S MOTION TO RELATE AND STAY DUPLICATIVE ACTIONS** |

NOTICE OF FILING

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE,** that on May 14, 2019, Plaintiff Cindy R. Castillo, Plaintiff in the matter entitled *Cindy R. Castillo v. Bank of America, N.A.*, Central District of California Case No. 8:17-cv-00580-DOC-KES ("*Castillo*") has filed her Notice of Motion and Motion to Relate And Stay Duplicative Actions ("Motion"), requesting that the Hon. David O. Carter, presiding in the *Castillo* matter, relate and stay the following cases: *Irma Frausto v. Bank of America, N.A.*, Northern District of California Case No.: 3:18-cv-01983-LB ("*Frausto*") and *Andrea Harrison v. Bank of America, N.A.*, Northern District of California Case No.: 3:19-cv-00316-LB ("*Harrison*").

Plaintiff Castillo's Motion is currently set to be heard on June 17, 2019 at 8:30 a.m. at the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, 92701-4516.

Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Castillo's Motion filed in the *Castillo* Action.

Dated: May 14, 2019                **JAMES HAWKINS APLC**

                                         By:   /s/ Gregory Mauro
                                            James R. Hawkins
                                            Gregory E. Mauro
                                            Michael Calvo

                                            Attorneys for Plaintiff
                                            Cindy R. Castillo

# EXHIBIT A

**EXHIBIT A**

| | |
|---|---|
| 1 | JAMES R. HAWKINS (SBN 192925) |
| | james@jameshawkinsaplc.com |
| 2 | GREG E. MAURO (SBN 222239) |
| | greg@jamesjhawkinsaplc.com |
| 3 | MICHAEL J.S. CALVO (SBN 314986) |
| | michael@jameshawkinsaplc.com |
| 4 | **JAMES HAWKINS, APLC** |
| 5 | 9880 RESEARCH DRIVE, SUITE 200 |
| | IRVINE, CA 92618 |
| 6 | TELEPHONE: (949) 387-7200 |
| | FACSIMILE: (949) 387-6766 |
| 7 | |
| 8 | Attorneys for Plaintiff, CINDY R. CASTILLO, an individual, on behalf of herself and all others similarly situated |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY R. CASTILLO, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a North Carolina Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants, | Case No. 8:17-cv-00580-DOC-KES<br><br>**CLASS ACTION**<br><br>**Assigned to:**<br>**Hon. David O. Carter**<br>**Courtroom 9D**<br><br>**NOTICE OF MOTION AND MOTION TO RELATE AND STAY DUPLICATIVE ACTIONS**<br><br>[*Filed concurrently with: Notice of Motion; Declaration of Gregory Mauro, Esq.; [Proposed] Order*]<br><br>**Hearing Date and Time**<br>Date: June 17, 2019<br>Time: 8:30 a.m.<br>Courtroom 9D<br><br>Complaint Filed: March 31, 2017<br>FAC Filed: August 16, 2017<br>SAC Filed: September 11, 2017<br>TAC Filed: February 16, 2018<br>4AC Filed: August 7, 2018<br>5AC Filed: January 23, 2019<br>Trial Date: December 17, 2019 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 17, 2019 at 8:30 a.m. in Department 9D of the United States District Court, Central District of California, Plaintiff Cindy Castillo ("Plaintiff") will and hereby does move the Court for an Order relating and staying *Irma Frausto v. Bank of America, N.A.*, Northern District of California **Case No.: 3:18-cv-01983-LB** ("*Frausto*"), filed **February 22, 2018** Removed **March 30, 2018**, and *Andrea Harrison v. Bank of America, N.A.,* Northern District of California **Case No.: 3:19-cv-00316-LB** ("*Harrison*")filed **October 26, 2018** Removed **January 18, 2019** pending the resolution of this action ("*Castillo*"), as *Castillo* is the first filed case, and *Frausto* and *Harrison* are duplicative actions.

This motion is brought pursuant to Local Rule 7-1, and is based upon this Notice of Motion, the Memorandum of Point and Authorities, the concurrently filed Declaration of Gregory Mauro ("Mauro Decl") as well as the [Proposed] Order filed concurrently herewith, the pleadings and records on file, and any other evidence and oral arguments as the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rules 7-3 held on May 2, 2019 to discuss the relation and stay of the *Frausto* and *Harrison* Actions. The Parties have also engaged in extensive written meet and confer efforts via e-mail. The Parties were unable to reach a resolution in this issue, thus necessitating this instant Motion. (Mauro Decl., ¶ 7).

Dated: May 14, 2019  **JAMES HAWKINS, APLC**

By:  /s/ Gregory Mauro
JAMES R. HAWKINS,
GREGORY E. MAURO
MICHAEL J.S. CALVO
Attorney for Plaintiff CINDY R. CASTILLO, an individual, on behalf of herself and all others similarly situated

NOTICE OF MOTION AND MOTION TO STAY OR RELATE CASES

## I. INTRODUCTION

Plaintiff CINDY R. CASTILLO, an individual, on behalf of herself and all others similarly situated ("Plaintiff"), hereby by move this Court to relate (pursuant to L.R. 83-1.3) and stay duplicative actions concurrently pending in the Northern District of California based on the First to File Rule, as such case arises from the same or closely related transactions, happenings, or events as presently before this Court; they call for determination of the same or substantial related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges. As such, Plaintiff moves this Court to stay the later-filed action as this case, the *Castillo* Action, is the first-filed action. Plaintiff asks that the following related cases also be stayed pending resolution in *Castillo*:

1. *Irma Frausto v. Bank of America, N.A.*, Northern District of California **Case No.: 3:18-cv-01983-LB** ("*Frausto*"), filed **February 22, 2018** Removed **March 30, 2018.** [Dkt. No. 73]; and

2. *Andrea Harrison v. Bank of America, N.A.,* Northern District of California **Case No.: 3:19-cv-00316-LB** ("*Harrison*")filed **October 26, 2018** Removed **January 18, 2019.**

The above-mentioned cases should be stayed for the following reasons: (1) all actions involve the same Defendant (Bank of America, N.A.); (2) all cases involve non-exempt job positions in Bank of America's branches in throughout the State of California; (3) all cases allege that many of the same wage and hour laws have been violated; (4) all cases present similar, if not identical, questions of law and fact; and (5) Plaintiff believes that substantially similar evidence will be used as proof of the wage and hour law violations in the above-mentioned cases as will be used in this case.

## II. RELEVANT FACTUAL BACKGROUND,

On March, 31, 2017, Plaintiff Castillo filed this putative class action against Defendant. (Mauro Decl., ¶ 3).

On April 12, 2019, Defendant filed a Notice of Pendency of Other Actions or Proceedings identifying two class action cases, the *Frausto* Action pending in the Northern District of California, and *Clark, et al. v. Bank of America, National Association*, pending in the U.S. District Court for the District of Nevada [Dkt. No. 73]. (Mauro Decl., ¶ 4).

Defendant's Notice of Pendency identified the overlap in *Frausto* as follows: both actions (*Castillo* and *Frausto*) involve "claims for unpaid overtime, failure to provide meal and rest break, failure to timely pay final wages, failure to furnish accurate wage statements, and unlawful business practices. Further, the putative class that *Frausto* seeks to represent overlaps with the putative class at issue in the above referenced action [*Castillo*];" as *Frausto* purports to bring "her putative class action wage and hour claims on behalf of all non-exempt employees who worked for Bank of America, N.A., in California at any time on or after March 30, 2014." [Dkt. No. 73]. (Mauro Decl., ¶ 5).

During this time, Plaintiff's counsel was also made aware of the currently pending *Harrison* Action, which subsequently also overlaps with *Castillo* in terms of claims and class definitions. (Mauro Decl., ¶ 6).

As a result of the overlap of *Frausto* and *Harrison* with *Castillo*, Plaintiff's counsel reached out to Defendant's Counsel telephonically and via email to discuss the relation and stay of *Frausto* and *Harrison* pending the resolution of *Castillo* and held the conference of counsel pursuant to L.R. 7-3 on May 2, 2019. The Parties were unable to reach a resolution in this issue, thus necessitating this instant Motion. (Mauro Decl., ¶ 7).

### III. THE SUBSEQUENT *FRAUSTO* AND *HARRISON* CASES SHOULD BE STAYED PENDING RESOLUTION OF *CASTILLO*

Under the first-to-file rule, a court may dismiss or stay proceedings if a similar case with substantially similar issues and parties was previously filed. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (citation

and internal quotation marks omitted). The first-to-file rule is intended to serve the purpose of promoting efficiency and should not be disregarded lightly. *Id.* (citation and internal quotation marks omitted). Application of the first-to-file rule is driven by an effort to maximize "economy, consistency, and comity." *Id.* at 1240.

The first-to-file rule is commonly applied when a complaint involving the same parties and issues has already been filed in another district. *Kohn*, 787 F.3d at 1240 (citation and internal quotation marks omitted). In deciding whether to apply the first-to-file rule, courts analyze three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Kohn*, 787 F.3d at 1240. Consideration of all three factors resoundingly favors application of the first-to-file rule in this instance.

Regarding chronology of the lawsuits, as stated above, *Castillo* is the first-filed action filed back on **March 31, 2017** while *Frausto* was not filed until almost a year later on **February 22, 2018** and *Harrison* was not filed until October 26, 2018, more than year and a half after *Castillo*. As such, it is clear that the chronology of the lawsuits favors *Castillo* as that was the first-filed case.

Regarding similarity of the parties, this factor also favors applying the first-to-file rule because all three cases have the same Defendant (Bank of America), and all three cases essentially have Bank of America's non-exempt employees as Plaintiffs, whether that is all non-exempt employees generally (*Frausto*), tellers or people with similar job duties as tellers (*Harrison*) or call center employees (*Castillo*). As such, the parties in these three cases are similar enough to apply the first-to-file rule here in *Castillo*.

Regarding similarity of the issues, for the first-to-file rule to apply, "[t]he issues in both cases. . . need not be identical, only substantially similar." *Kohn,* 787 F.3d at1240. As explained in further detail below, all three cases involve substantially similar issues, deal with common questions of law and fact, and these common questions of law and fact can be proven through common evidence which can be

-3-
NOTICE OF MOTION AND MOTION TO RELATE AND STAY CASES

ascertained through a streamlined discovery process. As such, there is a similarity of issues in the three cases making it appropriate for the Court to apply the first-to-file rule.

Therefore, since Plaintiff in *Castillo* can easily meet all three of the factors for applying the first-to-file rule, the Court should apply the rule and stay the later-filed cases pending resolution of the *Castillo* case.

## IV. THE CASES INVOLVE THE SAME DEFENDANT, THE SAME NON-EXEMPT JOB POSITIONS, AND ALLEGE MOST OF THE SAME CLAIMS

*Castillo*, *Frausto*, and *Harrison*, concern substantially the same parties and concern the same Defendant, and arise from the same or closely related transactions and events. *See* Local Rule 83-1.3.1(a). Each of the cases are wage and hour class action cases and were brought on behalf of non-exempt Bank of America employees who service the bank's customers in the State of California.

This case seeks to represent "[a]ll hourly-paid, non-managerial **call center workers** of Bank of America, National Association, in the State of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members.") *See Castillo* **Fifth Amended Complaint ("5AC")** Castillo Dkt No. 58 (emphasis added).

The *Frausto* case seeks to represent "[a]ll persons who worked for any Defendant in California as a **non-exempt employee** at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." *See Frausto* **First Amended Complaint ("FAC")** *Frausto* **(Case No.: 3:18-cv-01983-LB) Dkt. No. 24** (emphasis added).

The *Harrison* case seeks to represent "[a]ll current and former non-exempt employees of Defendant, employed in California, who, during the time period commencing four years before this complaint was filed, and until the present ("class period"), worked at any of Defendant's banks as a **Teller** or a position with similar

duties and/or job titles." *See* **Harrison** FAC *Harrison* **(Case No.: 3:19-cv-00316-LB) Dkt No.1** (emphasis added).

If there is any opposition from Defendant on this issue, an anticipated argument would be that the cases cannot be related because the cases deal with representing different job titles of Defendant's employees. The Court should not be persuaded by this argument because although there are differences in the job titles and the representative plaintiffs worked in different branches, the job duties for each of the representative Plaintiffs are all geared to servicing the financial needs of the bank's customers. In assisting Defendant's customers, non-exempt, employees generally, tellers, and call center workers alike are subject to the same Bank of America policies and *de facto* practices regarding recording time, off the clock work, and meal and rest breaks. Moreover, tellers and call center workers are required to use many of the same electronic applications to accomplish their jobs, use of which generate date and time stamps of activities, which in turn reveal the time actually worked.

## III. THERE IS A DANGER OF DUPLICATION OF JUDICIAL RESOURCES AND POSSIBLE CONFLICTING RESULTS

There will be an unduly burdensome duplication of labor and expense or conflicting results if these cases are conducted before different Judges. Local Rule 83-1.3.1(c).

### A. Similar Questions of Law and Fact Will be Proven by Common Evidence

Common questions of law and fact in the above-mentioned cases include: (1) Whether Bank of America implemented and engaged in systematic practices and de facto policies resulting in non-exempt employees working off-the-clock and through meal and rest breaks, without compensation; and (2) Whether Bank of America knew, or should have known, of the off-the-clock work and that its non-exempt employees were unable to take compliant meal and rest breaks.

Common evidence in the above-mentioned cases include: (1) Bank of America's

policies and procedures regarding recording time, working overtime and off-the-clock, and the taking meal breaks and rest breaks; (2) Information and documents on goals or metrics imposed on the non-exempt class members in the course of their job duties that affect their performance evaluations and/or compensation; (3) Incentive and bonus policies, requirements, implementation and payments; (4) Time and pay records for all Plaintiffs (initially, a sample for putative class members will be sought, and upon class certification, these records for all class members will be obtained for trial); (5) Activity data, which is electronic data created contemporaneously to putative class members' use of electronic applications that occurs in the course of performing their job duties for Bank of America, and which captures the actual date and time the class members worked. A comparison of Activity Data from these applications with class members' corresponding electronic time and pay records may demonstrate unpaid off the clock work and meals that were missed, short or late; and (6) a class list.

### B. Discovery in All of the Above-Mentioned Cases Will be the Same or Substantially Similar

It is anticipated that Bank of America's objections to the foregoing discovery, and the related issues presented in law and motion, will be similar, if not the same, in these two actions. The discovery in these cases can be streamlined to include the identities of putative class members; the applicable policies that class members were bound by; the electronic data and applications used by class members to clock in and out, and to generate other work activity for cross-referencing; job duties and requirements for the class members; and time and pay records for the class members. Given that all class members use applications for work that generate activity data, the discovery issues, meet and confer efforts and judicial intervention on these issues are anticipated to be substantially similar, if not the same. Thus, it is likely that an unduly burdensome duplication of labor and expense or conflicting results will occur if the cases are heard by different Judges. Local Rule 83-1.3.1(c).

///

## IV. CONCLUSION

Because *Castillo, Frausto,* and *Harrison* involve the same defendant (Bank of America) and non-exempt job positions in Bank of America's banking business in California, allege violation of the same California wage and hour laws, present similar, if not identical, questions of law and fact (Local Rule 83-1.3.1(b));  and because substantially the same evidence will be used as proof and the same issues likely will be presented during discovery and law and motion, it appears likely that there will be an unduly burdensome duplication of labor and expense or the possibility of conflicting results if the cases proceed before different judges. Local Rule 83-1.3.1(c).  Therefore, Plaintiffs respectfully request that this Court relate and stay *Frausto* and *Harrison* pending *Castillo's* resolution and any other relief the Court deems appropriate.


Dated:  May 14, 2019              **JAMES HAWKINS, APLC**


By: /s/ Gregory Mauro_____
JAMES R. HAWKINS,
GREGORY E. MAURO
MICHAEL J.S. CALVO
Attorney for Plaintiff CINDY R. CASTILLO, an individual, on behalf of herself and all others similarly situated

Case 3:18-cv-01983-LB   Document 85   Filed 05/14/19   Page 13 of 20

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: May 14, 2019

By: /s/ Gregory Mauro
GREGORY MAURO, ESQ.

JAMES R. HAWKINS (SBN 192925)
james@jameshawkinsaplc.com
GREG E. MAURO (SBN 222239)
greg@jamesjhawkinsaplc.com
MICHAEL J.S. CALVO (SBN 314986)
michael@jameshawkinsaplc.com
**JAMES HAWKINS, APLC**
9880 RESEARCH DRIVE, SUITE 200
IRVINE, CA 92618
TELEPHONE: (949) 387-7200
FACSIMILE:  (949) 387-6766

Attorneys for Plaintiff, CINDY R. CASTILLO, an individual, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY R. CASTILLO, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a North Carolina Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants, | **Case No. 8:17-cv-00580-DOC-KES**<br>**CLASS ACTION**<br>**Assigned to:**<br>**Hon. David O. Carter**<br>**Courtroom 9D**<br>**DECLARATION OF GREOGRY MAURO IN SUPPORT OF PLAINTIFF'S MOTION TO RELATE AND STAY DUPLICATIVE ACTIONS**<br>**Hearing Date and Time**<br>Date: June 17, 2019<br>Time:  8:30 a.m.<br>Courtroom 9D<br><br>Complaint Filed: March 31, 2017<br>FAC Filed:       August 16, 2017<br>SAC Filed:       September 11, 2017<br>TAC Filed:       February 16, 2018<br>4AC Filed:       August 7, 2018<br>5AC Filed:       January 23, 2019<br>Trial Date:       December 17, 2019 |

-1-
DECLARATION OF GREGORY MAURO

I, Gregory Mauro, declare as follows:

1. I am an individual over the age of 18. I am an attorney at law licensed to practice before all courts in the State of California and am an attorney at James Hawkins, APLC, and counsel of record herein for Plaintiff CINDY CASTILLO ("Plaintiff"). I submit this declaration in support of Plaintiff's Motion to Relate and Stay Duplicative Action. I have firsthand knowledge of the facts set forth in this declaration and, if called to do so, could testify competently to them.

2. This motion brought pursuant to Local Rule 7-1, and is based upon this Notice of Motion, the Memorandum of Point and Authorities, the concurrently filed Declaration of Gregory Mauro ("Mauro Decl") as well as the [Proposed] Order filed concurrently herewith,, the pleadings and records on file, and any other evidence and oral arguments as the Court may consider.

3. On March, 31, 2017, Plaintiff Castillo filed this putative class action against Defendant.

4. On April 12, 2019, Defendant filed a Notice of Pendency of Other Actions or Proceedings identifying two class action cases, the *Frausto* Action pending in the Northern District of California, and *Clark, et al. v. Bank of America, National Association*, pending in the U.S. District Court for the District of Nevada [Dkt. No. 73].

5. Defendant's Notice of Pendency identified the overlap in *Frausto* as follows: both actions (*Castillo* and *Frausto*) involve "claims for unpaid overtime, failure to provide meal and rest break, failure to timely pay final wages, failure to furnish accurate wage statements, and unlawful business practices. Further, the putative class that *Frausto* seeks to represent overlaps with the putative class at issue in the above referenced action [*Castillo*];" as *Frausto* purports to bring "her putative class action wage and hour claims on behalf of all non-exempt employees who worked for Bank of America, N.A., in California at any time on or after March 30, 2014." [Dkt. No. 73].

6. During this time, Plaintiff's counsel was also made aware of the currently pending *Harrison* Action, which subsequently also overlaps with *Castillo* in terms of claims and class definitions.

7. As a result of the overlap of *Frausto* and *Harrison* with *Castillo*, Plaintiff's counsel reached out to Defendant's Counsel telephonically and via email to discuss the relation and stay of *Frausto* and *Harrison* pending the resolution of *Castillo* and held the conference of counsel pursuant to L.R. 7-3 on May 2, 2019. The Parties were unable to reach a resolution in this issue, thus necessitating this instant Motion.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me on May 13, 2019, in Irvine, California.

By:/s/ Gregory Mauro_____
      GREGORY MAURO

-3-
DECLARATION OF GREGORY MAURO

JAMES R. HAWKINS (SBN 192925)
james@jameshawkinsaplc.com
GREG E. MAURO (SBN 222239)
greg@jamesjhawkinsaplc.com
MICHAEL J.S. CALVO (SBN 314986)
michael@jameshawkinsaplc.com
**JAMES HAWKINS, APLC**
9880 RESEARCH DRIVE, SUITE 200
IRVINE, CA 92618
TELEPHONE: (949) 387-7200
FACSIMILE:  (949) 387-6766

Attorneys for Plaintiff, CINDY R. CASTILLO, an individual, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY R. CASTILLO, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a North Carolina Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants, | **Case No. 8:17-cv-00580-DOC-KES**<br>**CLASS ACTION**<br>**Assigned to:**<br>**Hon. David O. Carter**<br>**Courtroom 9D**<br>**[PROPOSED] ORDER RE PLAINTIFF'S MOTION TO RELATE AND STAY DUPLICATIVE ACTIONS**<br>**Hearing Date and Time**<br>Date: June 17, 2019<br>Time:  8:30 a.m.<br>Courtroom 9D<br><br>Complaint Filed: March 31, 2017<br>FAC Filed:         August 16, 2017<br>SAC Filed:         September 11, 2017<br>TAC Filed:         February 16, 2018<br>4AC Filed:         August 7, 2018<br>5AC Filed:         January 23, 2019<br>Trial Date:         December 17, 2019 |

[PROPOSED] ORDER

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Relate and Stay Duplicative Actions is hereby **GRANTED** and Orders as follows:

1. *Irma Frausto v. Bank of America, N.A.*, Case No.: 3:18-cv-01983-LB is hereby deemed related pursuant to Local Rule 83-1.3 ;

2. *Andrea Harrison v. Bank of America, N.A.,* Northern District of California Case No.: 3:19-cv-00316-LB is hereby deemed related pursuant to Local Rule 83-1.3; and

3. *Irma Frausto v. Bank of America, N.A.*, Northern District Case No.: 3:18-cv-01983-LB and *Andrea Harrison v. Bank of America, N.A.,* Northern District Case No.: 3:19-cv-00316-LB are hereby stayed pending the resolution of *Cindy R. Castillo v. Bank of America, N.A.,* Case No. 8:17-cv-00580-DOC-KES.

**IT IS SO ORDERED.**

Dated: _____
Hon. David O. Carter
U.S. District Court Judge

# CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to this action. My business address is: 9880 Research Drive Suite 200, Irvine, CA 92618.  I hereby certify that on May 14, 2019  I caused to be served on interested parties a copy of the document(s) entitled:

- **NOTICE OF FILING OF PLAINTIFF CINDY R. CASTILLO'S MOTION TO RELATE AND STAY DUPLICATE ACTIONS**

on the interested parties in this action.

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[XX] BY OVERNIGHT DELIVERY/FEDERAL EXPRESS by placing a true copy thereof enclosed in a sealed envelope, with delivery fees prepaid, deposited with the authorized overnight/Federal Express carrier/box at Laguna Hills, California, at the addresses listed on the Service List.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed on May 14, 2019 at  Irvine, California.

*/s/ Sheila Gonzales*
Sheila Gonzales

# SERVICE LIST

**MCGUIREWOODS LLP**
Kerri H. Sakaue, Esq.
Michael David Mandel, Esq.
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210
Email: ksakaue@mcguirewoods.com
Email: mmandel@mcguirewoods.com

Sylvia J. Kim, Esq
Two Embarcadero Center, Ste 1300
San Francisco, CA  9411-3821
Tel:415-844-9944
Fax:  415-844-9922
Email: skim@mcguirewoods.com
Attorneys for Defendant
BANK OF AMERICA, N.A.

B Bobby Saadian, Esq.
Patty W Chen, Esq.
Robert James Dart, Esq.
**Wilshire Law Firm**
3055 Wilshire Boulevard 12th Floor
Los Angeles, CA 90010
Tel: 213-381-9988
Fax: 213-381-9989
Email: bobby@wilshirelawfirm.com
Email: patty@wilshirelawfirm.com
Email: RDart@wilshirelawfirm.com


Nicol Elia Hajjar, Esq.
**Wilshire Law Firm**
611 North Howard 333
Glendale, CA 91206
Tel: 818-631-8284
Email: nicol@wilshirelawfirm.com

Justin F. Marquez, Esq.
Thiago Merlini Coelho, Esq.
**Wilshire Law Firm, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010
Tel: 213- 381-9988
Fax: 213- 381-9989
Email: justin@wilshirelawfirm.com
Email: thiago@wilshirelawfirm.com


Richard Edward Quintilone , II , Esq.
George Andrew Aloupas, Esq.
**QUINTILONE AND ASSOCIATES**
22974 El Toro Road, Suite 100
Lake Forest, CA 92630
(949) 458-9675
Fax: (949) 458-9679
Email: gaa@quintlaw.com
Email: req@quintlaw.com

CERTIFICATE OF SERVICE