Bobby Saadian (SBN 250377)
bobby@wilshirelawfirm.com
Justin F. Marquez (SBN 262417)
justin@wilshirelawfirm.com
Nicol E. Hajjar (SBN 303102)
nicol@wilshirelawfirm.com
Thiago M. Coelho (SBN 324715)
thiago@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiffs

[*Additional counsel listed on following page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRMA FRAUSTO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a business entity, form unknown; and DOES 1 through 10, inclusive,<br><br>Defendants<br><br>———————————————<br><br>ARIANNA SUAREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and DOES 1 through 100, inclusive,<br><br>Defendants | Case No. 3:18-cv-01983-LB (*Frausto*)<br>Case No. 3:18-cv-01202-LB (*Suarez*)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS**<br><br>Date:       January 11, 2024<br>Time:      9:30 a.m.<br>Courtroom: B – 15th Floor<br>             (Videoconference)<br>Judge:    Hon. Laurel Beeler |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ILG LEGAL OFFICE, P.C.**
Stephen Noel Ilg (SBN 275599)
Email: silg@ilglegal.com
George L. Lin (SBN 287873)
Email: glin@ilglegal.com
156 S. Spruce Ave., Unit 206A
South San Francisco, CA 94080
Telephone: 415.580.2574
Facsimile: 415.735.3454

Attorneys for Plaintiffs

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 11, 2024 at 9:30 a.m. in Courtroom B of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue San Francisco, CA 94102, Plaintiffs Irma Frausto and Arianna Suarez will, and hereby do, move for an order as follows:

1. Granting final approval of the terms of the Stipulation for Leave to File Consolidated Complaint and for Settlement and Release of Class and Representative Action Claims ("Settlement") as fair, reasonable, and adequate to all Parties and all Settlement Class Members and Aggrieved Employees;

2. Finding that the Notices distributed to the Settlement Class Members and Aggrieved Employees pursuant to the Court's order granting preliminary approval constituted the best notice practicable under the circumstances to all Class Members;

3. Finally certifying the Class for settlement purposes only;

4. Directing that compensation to the Settlement Class Members and Aggrieved Employees be paid pursuant to the terms of the Settlement;

5. Appointing Plaintiffs as Class Representatives for settlement purposes, and approving an Enhancement Award of $10,000.00 to each Plaintiff;

6. Approving the payment to the California Labor and Workforce Development Agency in the amount of $75,000.00;

7. Approving the Settlement Administrator's costs and fees in the amount of $70,000.00 as provided for in the Settlement; and

8. Entering final judgment in the Action.[1]

This motion will be based on the accompanying Memorandum of Points and Authorities, the Declarations of Justin F. Marquez, Irma Frausto, and Arianna Suarez, and such oral argument as may be heard by the Court, and all other papers on file in this action.

---

[1] On November 20, 2023, Plaintiffs filed a separate motion for approval of Class Counsel's attorneys' fees and costs. ECF No. 208.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

1

## <u>RELIEF SOUGHT</u>

2    Plaintiffs respectfully request that the Court:

3    1.  Grant the Motion for Final Approval of Class Action Settlement and Class

4         Representative Enhancement Awards; and

5    2.  Enter final judgment in the Lawsuits.

6

7    Dated: December 7, 2023                    Respectfully submitted,

8                                               **WILSHIRE LAW FIRM, PLC**

9

10                                         By: /s/ Justin F. Marquez

11                                             Justin F. Marquez
                                               Bobby Saadian
                                               Nicole E. Hajjar
                                               Thiago M. Coelho

12
                                               Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION. ...................................................................... i

RELIEF SOUGHT. ....................................................................................................... i

TABLE OF CONTENTS ............................................................................................. iii

TABLE OF ATHORITIES .......................................................................................... v

MEMORANDUM OF POINTS AND AUTHORITIES…………………………………1

I.    INTRODUCTION ............................................................................................. 1

II.   SUMMARY OF THE LITIGATION AND SETTLEMENT ............................ 2

     A.   The Settlement Occurred After Extensive Litigation ............................... 2

     B.   Settlement Negotiations and Agreement ................................................... 4

     C.   Key Terms of the Proposed Settlement ..................................................... 5

     D.   Preliminary Approval and Overwhelming Support for the Settlement ...... 8

     E.   Plaintiff's Motion for Attorneys' Fees and Costs. .................................... 8

III.  ARGUMENT .................................................................................................... 9

     A.   Reasonable Notice Was Given to All Class Members ............................... 9

     B.   The Court Should Grant Final Approval .................................................. 10

          1.   The Settlement Meets the Standard for Court Approval ................... 10

          2.   The Settlement is Entitled to a Presumption of Fairness ................. 12

          3.   The Overwhelmingly Positive Reaction from the Class Further Supports
               Settlement Approval ....................................................................... 13

          4.   The Settlement is Fair Given the Settlement Benefits and the Risks Associated
               with Continued Litigation ............................................................... 13

     C.   The Enhancement Awards to the Class Representatives Are Fair and Reasonable.... 14

          1.   Legal Standard ............................................................................... 15

          2.   The Class Representatives Devoted Substantial Time and Effort to this
               Litigation ......................................................................................... 16

          3.   The Class Representatives' Efforts Resulted in Substantial Benefits to the Class
               ........................................................................................................ 17

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS**

4.    The Class Representatives Faced Personal Difficulties and Risks Due to Their Involvement in the Litigation.............................................................................. 17

5.    The Enhancement Awards Are a Small Fraction of the Settlement Amount .... 18

6.    The Class Representatives Have Acted in the Best Interests of the Class......... 19

7.    The Requested Service Award Promotes the Public Policies Underlying the Labor Code..................................................................................................... 19

IV.    CONCLUSION ........................................................................................................... 20

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## TABLE OF AUTHORITIES

**STATE CASES**

*Gentry v. Superior Court,*
   42 Cal.4th 443 (2007) ...................................................................................18

*Murphy v. Kenneth Cole Prods. Inc.,*
   40 Cal.4th 1094 (2007) .................................................................................19

*Naranjo v. Spectrum Sec. Servs., Inc.,*
   13 Cal.5th 93 (2022) ................................................................................3, 14

*Sav-On v. Superior Court,*
   34 Cal. 4th 319 (2004) ..................................................................................19

**FEDERAL CASES**

*Bellinghausen v. Tractor Supply Co.,*
   306 F.R.D. 245 (N.D. Cal. 2015) ..................................................................16

*Brown v. Hain Celestial Grp., Inc.,*
   2016 WL 631880 (N.D. Cal. Feb. 17, 2016) ................................................12

*Chun-Hoon v. McKee Foods Corp.,*
   716 F. Supp. 2d 848 (N.D. Cal. 2010)..........................................................11

*Churchill Vill. L.L.C. v. Gen. Elec.,*
   361 F.3d 566 (9th Cir. 2004)........................................................................10

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1992)................................................................10, 11

*Curtis-Bauer v. Morgan Stanley & Co., Inc.,*
   2008 WL 7863877 (N.D. Cal. Oct. 22, 2008) .............................................15

*D'Amato v. Deutsche Bank,*
   236 F.3d 78 (2d Cir. 2001)...........................................................................12

*Der-Hacopian v. DarkTrace, Inc.,*
   No. 18-CV-06726-HSG, 2020 WL 7260054 (N.D. Cal. Dec. 10, 2020) ......9

*Elliot v. Spherion Pacific Work, LLC,*
   572 F.Supp.2d 1169 (C.D. Cal. 2008)..........................................................14

*Fernandez v. Victoria Secret Stores*, LLC,
   2008 WL 8150856 (C.D. Cal. July 21, 2008)...............................................12

*Frank v. Eastman Kodak Co.,*
   228 F.R.D. 174 (W.D.N.Y. 2005) ................................................................18

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

*Frausto v. Bank of America, N.A.*,
   2019 WL 5626640 (N.D. Cal. Oct. 31, 2019) ("*Frausto II*") ......................................................3

*Frausto v. Bank of America, N.A.*,
   2020 WL 1290302 (Feb. 27., 2020) ("*Frausto IV*") ....................................................................3

*Frausto v. Bank of America, N.A.*,
   2021 WL 2476902 (Jun. 17, 2021) ("*Frausto V*") .......................................................................4

*Frausto v. Bank of America, N.A.*,
   334 F.R.D. 192 (N.D. Cal. 2019) ("*Frausto III*") ........................................................................3

*Frausto v. Bank of America, National Association*,
   2018 WL 3659251 (N.D. Cal. Aug. 2, 2018) ................................................................................3

*Garner v. State Farm Auto Ins. Co.*,
   2010 U.S. Dist. LEXIS 49477 (N.D. Cal. April 22, 2010) ......................................................11, 12

*Glass v. UBS Fin. Servs., Inc.*,
   2007 WL 221862 (N.D. Cal. Jan. 26, 2007).................................................................................16

*Gribble v. Cool Transports Inc.*,
   No. CV 06-04863 GAF SHx, 2008 WL5281665 (C.D. Cal. Dec. 15, 2008) ...........................12

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)..............................................................................................11, 13

*Hightower v. JP Morgan Chase Bank, NA*,
   No. CV 11-1802 PSG, 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) .......................................15

*In re Apple Computer, Inc. Derivative Litig.*,
   No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) .............12

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) .............................................................................13

*In re On-Line DVD Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015)........................................................................................................18

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015)........................................................................................................16

*In re Synocor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008)......................................................................................................11

*In re Wireless Facilities, Inc. Sec. Litig. II*,
   253 F.R.D. 607 (S.D. Cal. 2008) ................................................................................................12

*LaFleur v. Med. Mgmt. Int'l, Inc.*,
   No. EDCV 13–00398–VAP (OPx), 2014 WL 2967475 (C.D. Cal. June 5, 2014)...................15

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

*Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ...............................................................13, 14

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982)......................................................................10, 13

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2003)...............................................................11, 13, 15

*Schaffer v. Litton Loan Servicing, LP*,
  2012 WL 10274679 (C.D. Cal. Nov. 13, 2012)................................................16, 17

*Silber v. Mabon*,
  18 F.3d 1449 (9th Cir. 1994)...............................................................................9

*Singer v. Becton Dickinson & Co.*,
  2009 WL 4809646 (S.D. Cal. Dec. 9, 2009) .........................................................15

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003)................................................. 10, 15, 16, 17, 18

*Suarez v. Bank of America, N.A.*,
  2019 WL5626637 (N.D. Cal. Oct. 31, 2019) .........................................................3

*Van Brokhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976)...............................................................................10

*Weeks v. Kellogg Co.*,
  2013 WL 6531177 (C.D. Cal. Nov. 23, 2013) .......................................................10, 18

*Wren v. RGIS Inventory Specialists*,
  2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................................................18

**STATE STATUTES**
8 Cal. Code Regs. § 13520................................................................................14

Cal. Civ. Code § 1542 .......................................................................................7

Cal. Labor Code § 203 ......................................................................................3

Cal. Labor Code § 226 ......................................................................................3

**FEDERAL STATUTES**
Fed. R. Civ. P. 23 .........................................................................1, 2, 9, 10, 11

**TREATISES**
4 *Newberg on Class Actions* § 11.41 (4th ed. 2002)...........................................12

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Case No. 8:19-cv-02500
PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

*Manual for Complex Litigation* (Fourth) § 21.61, at 480 (2010)...................................................10

Theodore Eisenberg & Jeffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study* (2006) 53 UCLA L. Rev. 1303 ........................................................19

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3    Plaintiffs Irma Frausto and Arianna Suarez seek final approval of a proposed $1.89

4    million non-reversionary, class action settlement of this wage-and-hour class case with

5    Defendant Bank of America, N.A. ("Defendant" or the "Bank").  The Stipulation for Leave to

6    File Consolidate Complaint and For Settlement and Release of Class and Representative Action

7    Claims ("Settlement") will provide substantial monetary payments to approximately 16,577

8    Settlement Class Members and Aggrieved Employees.  And, as set forth more fully below, the

9    proposed settlement satisfies all the criteria for settlement approval under Rule 23.  The

10    Settlement was reached after extensive discovery, investigation, and negotiations.  The

11    negotiations were at arms-length and were facilitated by an experienced neutral, Jeffrey Krivis,

12    Esq., over the course of an in-person mediation session, and the Settlement was finalized

13    through several rounds of arms-length negotiations.

14    On September 8, 2023, the Court granted preliminary approval of the proposed class

15    action settlement.  *Frausto,* ECF No. 206; *Suarez,* ECF No. 138.  Since preliminary approval,

16    the Court-appointed Settlement Administrator, CPT Group, Inc. ("CPT"), and CPT issued the

17    Court approved Notice to the Settlement Class Members and Aggrieved Employees, using the

18    most updated contact information held by the parties, as updated through data from the National

19    Change of Address (NCOA) database and skip-trace databases.  *See* Declaration of Chantal

20    Soto-Najera ("Soto-Najera Decl.") at ¶¶ 6, 8.  Notice went out to 16,577 Settlement Class

21    Members and Aggrieved Employees on October 16, 2023.  As of December 1, 2023, 11 notices

22    have been returned, and CPT has remailed 12 notices, including forwarded notices.  Therefore,

23    there were no undeliverable Notices.

24    Class Members had forty-five (45) days to object to the Settlement, raise disputes

25    regarding the calculation of their awards, or opt-out of the Settlement.  To date, six Settlement

26    Class Members validly opted out.  Soto-Najera Decl., ¶ 11.  To date, no class member has

27    disputed the amount of, or number of pay periods used to calculate, their Individual Settlement

28    Payment.  Soto-Najera Decl., ¶ 10.  This significant support from the class further supports the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

final approval of the Settlement.

Aside from the widespread support from the class members themselves, the proposed Settlement satisfies all of the criteria for settlement approval under Federal Rule of Civil Procedure 23.  Indeed, as demonstrated in the Motion for Preliminary Approval and again in the motion for attorneys' fees and costs, the proposed Settlement provides excellent benefits to the class, particularly considering the complexities and risks of the case.  Accordingly, Plaintiffs request that the Court grant final approval of the proposed Settlement.[2]

## II.    SUMMARY OF THE LITIGATION AND SETTLEMENT

### A.    The Settlement Occurred After Extensive Litigation

The *Suarez* and *Frausto* actions started in 2018. Suarez originally filed a putative class action in the Superior Court of the State of California for the County of Alameda, Case No. RG18890674, which the Bank subsequently removed to the Northern District of California on February 23, 2018. Frausto originally filed a putative class action in the Superior Court of the State of California for the County of Alameda, Case No. RG18894308, which the Bank subsequently removed to the Northern District of California on March 30, 2018.  Suarez and Frausto allege that the Bank violated California's Labor Code and Unfair Competition laws by, among other things, failing to pay minimum wages, failing to pay overtime wages, failing to provide meal periods, failing to authorize and permit rest periods, failing to pay meal and rest premium payments at the correct rate of pay, failing to timely pay final wages at termination, and failing to provide accurate itemized wage statements. (Declaration of Justin F. Marquez in Support of Plaintiff's Motion for Preliminary Approval ["Marquez Decl."], ¶ 2; Second Amended Class Action and Representative Complaint.)  Plaintiffs also seek civil penalties under Private Attorneys General Act ("PAGA") for the aforementioned alleged Labor Code violations.

The Bank moved to dismiss Frausto's complaint, and on August 2, 2018, the Court

---

[2] Plaintiffs also has separately moved for an award of attorneys' fees and costs, which was filed on November 20, 2023.  ECF No. 208.  The Court-approved Class Notice informed Class Members of Plaintiffs' motion for attorneys' fees and costs, and how to obtain a copy of it to review.  To date, no Class Member has objected to any portion of the attorneys' fees and costs sought.  Accordingly, for the reasons discussed in those motions, Plaintiffs also separately request approval of their previously filed motion for attorneys' fees and costs.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

granted in part and denied in part the motion.  The Court granted the motion as to the claims for meal and rest break violations to the extent they were predicated on a failure to pay premiums at the recalculated regular rate used to compute overtime wages and dismissed the claims on those grounds without leave to amend.  *Frausto v. Bank of America, National Association,* 2018 WL 3659251, *5 (N.D. Cal. Aug. 2, 2018) ("there is no legally tenable argument that section 226.7 payments should be paid at the 'regular rate' used for overtime purposes.") ("*Frausto I*").

The Bank moved for summary judgment in both actions.  *Frausto v. Bank of America, N.A.*, 2019 WL 5626640 (N.D. Cal. Oct. 31, 2019) ("*Frausto II*"); *Suarez v. Bank of America, N.A.*, 2019 WL5626637 (N.D. Cal. Oct. 31, 2019).  In *Frausto II*, the Court held that there are triable issues of fact as to Plaintiffs' Labor Code claims, including her derivative penalty claims. In doing so, the Court also rejected the Bank's argument that meal and rest period premium payments do not qualify as wages for purposes of Labor Code §§ 203 and 226 penalties.  *Id.* at *9, *12.  This was a sharply contested issue that the California Supreme Court later resolved in favor of the plaintiff in *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal.5th 93 (2022).

On June 14, 2019, Frausto and Suarez moved together for class certification, seeking to certify a class of "[a]ll persons who worked for [the Bank] in California as a non-exempt employee" and combining all of their remaining claims in that class.  Frausto, ECF No. 90.

In December 2019, the Court granted in part and denied in part Plaintiffs' motion for class certification.  *Frausto v. Bank of America, N.A.,* 334 F.R.D. 192 (N.D. Cal. 2019) ("*Frausto III*").  The Court then ordered the Parties to meet and confer and propose revised class definitions consistent with the Court's class certification order.  Frausto, ECF No. 128. However, the Parties were unable to agree upon a class definition.

The Bank appealed the Court's class certification order, and the Ninth Circuit denied the Bank's petition for permission to appeal.  *Frausto v. Bank of America, N.A.,* 2020 WL 1290302 (Feb. 27., 2020) ("*Frausto IV*").

On April 1, 2021, the Bank filed a motion for reconsideration of the Court's class certification decision.  On April 8, 2021, Frausto, along with Suarez, filed a motion for leave to file a motion for reconsideration of the Court's class certification order, requesting that the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

Court reinstate its original class definition.

On June 17, 2021, the Court granted the Bank's motion, denied Frausto's motion, and issued an order denying class certification. *Frausto v. Bank of America, N.A.,* 2021 WL 2476902 (Jun. 17, 2021) ("*Frausto V*"). In so ruling, the Court found that it was unable to certify a class because there was no evidence of a de facto policy that prevented putative class members from taking meal breaks.

On July 1, 2021, Frausto filed a petition for permission to appeal the Court's class certification denial and denial of her request for reconsideration. The Ninth Circuit denied Frausto's permission to appeal on November 8, 2021.

## B.   Settlement Negotiations and Agreement

The Parties engaged in a significant amount of investigation, class-wide discovery, and analysis prior to reaching the proposed settlement. Defendant responded to Plaintiffs' written discovery, provided extensive information on the company's wage and hour policies and practices, provided the contact information for a random sample of the Settlement Class Members, produced thousands of pages of relevant documents, and provided three witnesses for depositions. There was significant motion and appellate work, including a motion to dismiss, motions for summary judgment, and a contested motion for class certification. It was only after the exchange of a substantial amount of data and information that the parties participated in <u>four</u> full-day mediation sessions and ultimately reached this proposed settlement. Marquez Decl., ¶ 11.

There have been four mediations in the *Frausto* action. The first mediation occurred on April 23, 2019, with the Hon. Ronald M. Sabraw (Ret.) of JAMS. There was a second mediation on July 30, 2019, with the Hon. Jamie Jacobs-May (Ret.) of JAMS involving counsel for Frausto and Suarez. There was a third mediation on July 23, 2020, with David Rottman, Esq. The fourth mediation occurred on August 2, 2022, with Jeffrey Krivis, Esq. Marquez Decl., ¶ 12.

After extensive litigation, negotiations, and discussions regarding the strengths and weakness of Plaintiffs' claims and Defendant's defenses, the Parties were able to reach an

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

agreement at the fourth mediation regarding the key terms and provisions of the proposed settlement. *Id.* at ¶ 13. Class Counsel believes that the proposed settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members in light of all known facts and circumstances, the risk of significant delay, the defenses that could be asserted by Defendant both to certification and on the merits, trial risk, and appellate risk. *Id.* at ¶ 14.

This settlement resolves the risk attendant with continued litigation. Class Counsel believes that the settlement amount is reasonable in light of the Bank's realistic range of exposure. *Id.* ¶ 14. This is a good result for the Class, particularly in light of the risks attendant with further litigation and the possibility of no recovery. Because of the proposed Settlement, Settlement Class Members will be able to receive timely, guaranteed relief and will avoid the risk of an unfavorable judgment.

**C.**    **Key Terms of the Proposed Settlement**

Under the Settlement Agreement, the Bank will pay $1,890,000 to resolve this litigation. *Id.* ¶ 15. The key terms include:

1.    Settlement Class: "For purposes of this Settlement Agreement only, the 'Settlement Class' or 'Class' consists of Defendant's current and former non-exempt employees who worked for Defendant in California at any time from January 1, 2017 through October 31, 2022. The Settlement Class expressly excludes: (a) any employee who has filed a separate lawsuit (individually and/or as a putative class or representative action) that remains pending as of the date of preliminary approval of this Settlement Agreement asserting the same or similar claims to those alleged in the Lawsuits, including but not limited to the named plaintiffs in *Andrea Sosa v. Bank of America National Association*, 22STCV18958 (Superior Court of California, County of Los Angeles), *David Gentilcore, Gino Palomino, Angela Loukos, and Debra Delgado v. Bank of America, N.A.*, 2:21-cv-01237-TLN-CKD (United States District Court for the Eastern District of California), *Susan Gomez Rivas v. Bank of America, N.A.*, HG21110153 (Superior Court for the State of California, County of Alameda), and *Charlotte Lee v. Bank of America Corporation and Bank of America National Association*, BCV-21-100770 (Superior Court of California, County of Kern); and (b) any employee who

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

has previously released all the Released Claims and Released PAGA Claims … . For any Settlement Class Member who has previously released some but not all of the claims being settled and released in this Settlement Agreement, any pay period covered by each such employee's release agreement(s) shall be excluded from the calculation of any settlement sum payable under this Agreement[.]"  Settlement, ¶ 17.

2.    $1.5 Million Non-Reversionary Settlement Fund: "This settlement is being made on a non-reversionary basis, such that Defendant will pay the entirety of the agreed upon total settlement amount."  Settlement, ¶ 23.  The Settlement provides for a $1.5 million payment to provide for: "(a) all payments to Settlement Class Members; (b) both employee-side and employer-side payroll taxes associated with the Individual Settlement Payments (as defined below); (c) all costs of administration of the settlement; (d) all attorneys' fees and costs as awarded by the Court; (e) any Enhancement Award (as defined below) to the Class Representatives as awarded by the Court; and (f) the PAGA settlement payments to the LWDA and Aggrieved Employees (as defined below)."  Settlement, ¶ 24.

3.    Escalator Clause: "In connection with the Parties' settlement discussions, Defendant estimated that the Settlement Class Members' Unreleased Individual Pay Periods totaled 282,645 for the period of February 22, 2017 through April 26, 2022 (the data that was available at the time) which extrapolates to 304,548 Unreleased Individual Pay Periods for the period of January 1, 2017 through the date of mediation (August 2, 2022).  In the event that the total number of Unreleased Individual Pay Periods for all Settlement Class Members is greater than 335,003 (which is 10% higher than 304,548), then the GSF will be increased by each full percentage point above 335,003 (i.e., if the total number of Unreleased Individual Pay Periods for all Settlement Class Members is 1% higher than 335,003, then the GSF will be increased by 1%; if the total number of Unreleased Individual Pay Periods for all Settlement Class Members is 1.8% higher than 335,003, then the GSF will be increased by 1%; if the total number of Unreleased Individual Pay Periods for all Settlement Class Members is 2% higher than 335,003, then the GSF will be increased by 2%; etc.)."  Settlement, ¶ 52.

///

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

4.    <u>Distribution of Settlement Payments</u>: Individual Settlement Payments will be calculated as each Settlement Class Member's pro rata share of the Net Settlement Fund ("NSF"), based on the number of pay periods worked by each Settlement Class Member from January 1, 2017 through October 31, 2022.  Settlement, ¶ 35.  "Settlement Class Members shall not be required to complete a claim form in order to receive their share of the NSF."  Settlement, ¶ 34. Each Settlement Class Member who does not opt out of the Settlement and who can be located in the Notice process will automatically be mailed a settlement payment.  Settlement, ¶ 40.  The Settlement Agreement provides for skip tracing to locate Settlement Class Members whose Notices are returned to the Administrator as undeliverable.  Settlement, ¶¶ 33, 44.  Settlement Class Members whose Notices are returned as undeliverable, and for whom a more current address cannot be ascertained through skip tracing, will not receive a settlement payment, but will be bound by the Settlement.  There shall be a 180-day check cashing period for the settlement payments, and uncashed funds will be sent to the State of California's Unclaimed Property Fund in the name of the Settlement Class Member who did not cash his or her check.  Settlement, at ¶ 43.

5.    <u>Releases</u>: The Settlement Class Member release is coextensive with those claims that were or could have been brought in the Consolidated Class and Representative Action Complaint, all other pleadings filed in the Lawsuits (as defined in the Settlement Agreement), and the notices sent to the LWDA pursuant to PAGA by or on behalf of the Plaintiffs through October 31, 2022.  Settlement, ¶¶ 46-47.  In addition, in consideration for their Enhancement Awards, the Class Representatives will also provide a general release of claims against Released Parties (as defined in the Settlement Agreement) and a waiver of their rights under Cal. Civ. Code § 1542.  Settlement, ¶ 48.

6.    <u>Tax Allocation</u>: "Individual Settlement Payments and Enhancement Awards will be allocated 40% for unpaid wages, 40% for statutory or other non-wage damages, and 20% for interest."  Settlement, ¶ 41(a).

7.    <u>Attorneys' Fees and Costs</u>: The settlement provides that Class Counsel may seek up to 33-1/3% of the $1.5 million gross settlement fund for attorneys' fees, and up to $250,000 for their actual litigation expenses incurred.  Settlement, ¶ 30.  Any attorneys' fees awarded by the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

Court shall be divided as follows to Class Counsel: 95% to Wilshire Law Firm, PLC and 5% to ILG Legal Office, P.C. *Id.*

7.    <u>Enhancement Award to Class Representatives</u>: The Settlement provides for an Enhancement Award of $10,000 to each of the Class Representatives, Irma Frausto and Ariana Suarez, in recognition of their efforts on behalf of the Class.  Settlement, ¶ 31.  If approved, Plaintiffs will receive this amount in addition to their Individual Settlement Payments. *Id*.

8.    <u>Settlement Administration Costs</u>: The Parties have agreed to use CPT Group, Inc. as the settlement administrator, with administration fees and costs of $70,000.  Settlement, ¶ 33.

**D.    <u>Preliminary Approval and Overwhelming Support for the Settlement</u>**

The Court granted Plaintiff's Motion for Preliminary Approval of the Settlement on September 8, 2023.  ECF No. 138.  In the Order granting Plaintiff's Motion for Preliminary Approval, the Court stated that the Court will address the issue of attorneys' fees at the final fairness hearing scheduled for January 11, 2024.  *Id*.  Notice went out to 16,577 Settlement Class Members and Aggrieved Employees on October 16, 2023.  The deadline for class members to opt out or object was November 30, 2023.  Marquez Decl., ¶ 18.

The reaction of the Class to the settlement has been overwhelmingly positive.  Indeed, as of December 1, 2023, six Settlement Class Members have validly opted out of the Settlement and no class members have objected to the settlement.  Marquez Decl., ¶ 20.

**E.    <u>Plaintiff's Motion for Attorneys' Fees and Costs.</u>**

Plaintiffs filed their Motion for Attorneys' Fees and Costs on November 20, 2023.  Marquez Decl., ¶ 41.  Since the filing of Plaintiffs' Motion for Attorneys' Fees and Costs, Class Counsel has expended additional time related to drafting the Motion for Final Approval and supporting documents, communicating with CPT regarding the class notices.  Additionally, there were additional hours devoted by Class Counsel to this litigation that are not captured in Class Counsel's timesheets, but Plaintiffs' counsel does not seek to recover such hours. *Id.* at ¶ 43.  Attached to Mr. Marquez's Declaration filed with this Motion, Plaintiffs have provided timesheets accounting for the work that Plaintiffs' Counsel expended for this case, which was reported in Plaintiffs' Motion for Attorneys' Fees and Costs. *Id.* at ¶ 42.  These timesheets

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

show the lodestar for Plaintiffs' Counsel was $2,330,700. *Id.* at ¶ 41. This is fair and reasonable due to the reasons stated in Plaintiff's Motion for Attorneys' Fees and Costs. For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Attorney's Fees and Costs.

## III.    ARGUMENT

The Court determined in its preliminary approval order that the settlement "is free of collusion and approval is appropriate." *Suarez,* ECF No. 138, at 11. When Plaintiffs filed their Motion for Preliminary Approval on June 1, 2023, Plaintiff estimated that the class size would have 335,003 Unreleased Individual Pay Periods, but the final Class List contained 423,107 Unreleased Individual Pay Periods, which triggered the Settlement's Escalator Clause and increased the settlement amount to $1,890,000.00. Marquez Decl., ¶ 16. The Court must now consider whether the proposed Settlement merits final approval.

A final class settlement will be approved only if the parties show that (1) that **reasonable notice** was given to all Class Members who would be bound by the settlement, (2) that members were provided the opportunity to object to the settlement, and (3) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). As discussed below, all of these requirements are met.

### A.    Reasonable Notice Was Given to All Class Members

Before final approval of a class action can issue, notice of the settlement must be provided to the class. Fed. R. Civ. P. 23(e)(1). Rule 23 requires that the class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "Although Rule 23 requires that reasonable efforts be made to reach all class members, it does not require that each class member actually receive notice." *Der-Hacopian v. DarkTrace, Inc.*, No. 18-CV-06726-HSG, 2020 WL 7260054, at *4 (N.D. Cal. Dec. 10, 2020), *citing Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is "best practicable" notice, not "actually received" notice). In the court's September 7, 2023 Order Granting Preliminary Approval, the court found that "the notice provides the best notice practicable, satisfies the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

notice requirement of Rule 23, adequately advises class members of their rights under the settlement agreement, and meets the requirements of due process." ECF No. 138, at 13-14.

The Notice plan, as approved by the Court, has been fully implemented by CPT. In October 2023, CPT received the Class List from the Bank and updated the addresses for the Class Members. Soto-Najera Decl., ¶ 5. On October 16, 2023, CPT mailed 16,577 Court-approved notices to the Settlement Class Members and Aggrieved Employees. *Id.* at ¶ 7. Of the 16,577 class Notices mailed, 11 were returned and, after CPT conducted address searches and located updated addresses for those Class Members, 12 Notices were remailed, including forwarded Notices, to the Settlement Class Members and Aggrieved Employees. Therefore, there were no undeliverable notices *Id.* at ¶ 9.

As of December 1, 2023, six Settlement Class Members have validly opted out of the Settlement and no Class Member has objected to the Settlement. *Id.* at ¶¶ 11-12.

**B.    The Court Should Grant Final Approval**

**1.    The Settlement Meets the Standard for Court Approval**

When faced with a motion for final approval of a class action settlement under Rule 23 of the Federal Rules of Civil Procedure, a court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). A settlement merits final approval when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) § 21.61, at 480 (2010).

The law favors the compromise and settlement of class-action suits. *See, e.g., Churchill Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Indeed, the Ninth Circuit recognizes the "overriding public interest in settling and quieting litigation … particularly … in class action suits …" *Van Brokhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Weeks v. Kellogg Co.*, 2013 WL 6531177, at *10 (C.D. Cal. Nov. 23, 2013) (quoting *In re Synocor ERISA Litig.*, 516 F.3d 1095,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1101 (9th Cir. 2008)) ("'[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'").

"[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof." *Hanlon*, 150 F.3d at 1026 (internal citations and quotations omitted). In exercising such discretion, the courts balance several factors, including: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; [and] the extent of discovery completed'" among other factors. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 850-51 (N.D. Cal. 2010) (quoting *Class Plaintiffs*, 955 F.2d at 1291). The courts also give "proper deference to the private consensual decision of the parties … [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal citations omitted); Fed. R. Civ. P. 23(e).

The Ninth Circuit has "long deferred to the private consensual decision of the parties." *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2003) (citing *Hanlon*, 150 F.3d at 1027). "[I]n evaluating whether the settlement is fair and adequate, the Court's function is not to second guess the settlement's terms." *Garner v. State Farm Auto Ins. Co.,* 2010 U.S. Dist. LEXIS 49477, *21 (N.D. Cal. April 22, 2010). In the end, "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

The Court previously analyzed the majority of these factors when it preliminarily approved the Settlement. *Frausto,* ECF No. 206. As the Court previously noted, the Court

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

found the settlement "fair, reasonable, and appropriate" and the parties reached the settlement after significant arm's length negotiations.  *Id.* at 12.

## 2.    The Settlement is Entitled to a Presumption of Fairness

"Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair."  *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) (citations omitted); *see also Garner*, *35 ("Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable.").  Thus, where a settlement is the product of arms-length negotiations conducted by experienced class counsel and follows sufficient discovery, the Court begins its analysis with a presumption that the settlement is fair and reasonable.  *See* 4 *Newberg on Class Actions* § 11.41 (4th ed. 2002); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880, at *5 (N.D. Cal. Feb. 17, 2016); *see also Fernandez v. Victoria Secret Stores*, LLC, 2008 WL 8150856, at *4 (C.D. Cal. July 21, 2008).  This is certainly the case here.

First, the Settlement is the product of multiple mediation sessions conducted with the assistance of multiple highly experienced neutral mediators, culminating in the fourth and final mediation with experienced neutral Jeffrey Kivis, Esq.  *In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) (mediator's participation weighs considerably against any inference of a collusive settlement); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure").  At all times, the Parties' negotiations were adversarial and non-collusive.

Second, Class Counsel here have extensive experience litigating and settling complex wage and hour class actions.  Marquez Decl., ¶¶ 29-40.  They have investigated the factual and legal issues raised in this action, and diligently litigated the class members' claims.  Therefore, this factor strongly supports final approval.  *See, e.g., Gribble v. Cool Transports Inc.*, No. CV 06-04863 GAF SHx, 2008 WL5281665, at *9 (C.D. Cal. Dec. 15, 2008) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

the underlying litigation.").

### 3. The Overwhelmingly Positive Reaction from the Class Further Supports Settlement Approval

Reaction to the Settlement from the Settlement Class has been overwhelmingly positive. As shown by the Declaration of the Settlement Administrator, no Settlement Class Members have objected to or raised any disputes with the Settlement, and only six Settlement Class Members have validly opted out of the Settlement. This is strong evidence of the fairness of the Settlement. *See Rodriguez*, 563 F.3d at 967; *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness"). The fact that there are no objections is indicative of the excellent value and fairness of the Settlement here.

### 4. The Settlement is Fair Given the Settlement Benefits and the Risks Associated with Continued Litigation

A proposed settlement is not to be measured against a hypothetical ideal result that might have been achieved. *See*, *e.g.*, *In re Heritage Bond Litig.*, 2005 WL 1594403, at * 2 (C.D. Cal. June 10, 2005) (quoting *Officers for Justice*, 688 F.2d at 625) (a proposed settlement should not "'be judged against a hypothetical or speculative measure of what might have been achieved.'"); *Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."). Here, the Settlement represents a very strong result for the class and will bring substantial relief to the class.

The potential risks attending further litigation also support preliminary approval. Courts have long recognized the inherent risks and "vagaries of litigation," and emphasized the comparative benefits of "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecomm's Coop.*, 221 F.R.D. at 526. Indeed, although they steadfastly maintain that their claims are meritorious, Plaintiffs acknowledge that Defendant possessed legitimate defenses to liability and

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

certification.  Defendant already successfully defeated Plaintiffs' motion for class certification once and could again successfully defeat class certification on the grounds that individual issues predominated over the common issues due to the variation in harm possibly suffered by putative class members.

Additionally, Defendant could have successfully asserted defenses to Plaintiffs' wage statement and waiting time penalties claims.  For example, Defendant possessed strong defenses to these derivative claims, since it can argue a "good-faith" dispute that any wages were due, thereby precluding the imposition of penalties.  *See* 8 Cal. Code Regs. § 13520 (a "good-faith" dispute exists to waiting time penalties "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist."); *see also Naranjo v. Spectrum Sec. Servs., Inc.*, 88 Cal.App.5th 937, 951 (2023) (applying a "willfulness" standard to the imposition of wage statement penalties under Labor Code § 226).

Moreover, because Plaintiffs' claims for civil penalties under PAGA were wholly derivative of the underlying Labor Code claims, the Bank asserted that the PAGA claims would rise or fall with such claims.  *See*, *e.g.*, *Elliot v. Spherion Pacific Work, LLC*, 572 F.Supp.2d 1169, 1181-82 (C.D. Cal. 2008) ("Plaintiff's claim under the Private Attorneys General Act is wholly dependent upon her other claims.  Because all of Plaintiff's other claims fail as a matter of law, so does her PAGA claim.").

In short, Plaintiffs' ability to certify, and prevail on the claims was far from guaranteed.  Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomm's Coop.*, 221 F.R.D. at 526 (internal quotations omitted).  Thus, this factor supports final approval.

C.     **The Enhancement Awards to the Class Representatives Are Fair and Reasonable**

Plaintiff requests that this Court approve an enhancement award of $10,000 each to Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

1  Representative Irma Frausto and Arianna Suarez for their important and substantial

2  contributions to the class in both the litigation and settlement of this matter.  Frausto and Suarez

3  expended substantial time and effort conferring with their respective counsel, reviewing

4  pleadings and other documents, participating in settlement negotiations, and reviewing the

5  Settlement Agreement that, if finally approved by this Court, will bring substantial relief to the

6  class.  *See* Declaration of Irma Frausto ("Frausto Decl.") at ¶¶ 7-12, and Declaration of Arianna

7  Suarez ("Suarez Decl.") at ¶¶ 7-12.  The requested Enhancement Awards are also warranted in

8  light of the Plaintiffs' personal risks associated with bringing this lawsuit, and the important

9  public policies underlying the Plaintiffs' claims.

10               1.       **Legal Standard**

11       Service awards are common in class action cases.  *Rodriguez*, 563 F.3d at p. 958 (service

12  awards "are fairly typical in class action cases."); *see also Staton*, 327 F.3d at 977 ("named

13  plaintiffs … are eligible for reasonable incentive payments.")  The purpose of such awards is

14  "to compensate class representatives for work done on behalf of the class [and] make up for

15  financial or reputational risk undertaken in bringing the action…."  *Rodriguez*, 563 F.3d at 958-

16  59; *Staton*, 327 F.3d at 977.

17       Numerous courts in the Ninth Circuit have approved service awards of $10,000 or more.

18  *See, e.g.*, *Hightower v. JP Morgan Chase Bank, NA*, No. CV 11-1802 PSG, 2015 WL 9664959,

19  at *12 (C.D. Cal. Aug. 4, 2015) (approving $10,000 incentive awards to each of seven lead

20  plaintiffs in $12 million wage and hour settlement); *LaFleur v. Med. Mgmt. Int'l, Inc.*, No.

21  EDCV 13–00398–VAP (OPx), 2014 WL 2967475, at *8 (C.D. Cal. June 5, 2014) (approving

22  incentive awards of $15,000 each to two class representatives from $535,000 wage and hour

23  class action settlement); *Singer v. Becton Dickinson & Co.*, 2009 WL 4809646, at *9 (S.D. Cal.

24  Dec. 9, 2009) (approving $25,000 service award in two-and-a-half-year litigation in part

25  because plaintiff spent considerable time on the action, conducted extensive informal discovery

26  and engaged in day-long mediation); *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, 2008 WL

27  7863877, at *1 (N.D. Cal. Oct. 22, 2008) (approving $25,000 service award because plaintiff

28  took risks in her career by coming forward and for effort she devoted to case); *Glass v. UBS*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Fin. Servs., Inc.*, 2007 WL 221862, at * 17 (N.D. Cal. Jan. 26, 2007) (approving $25,000 service award to each of four class representatives because of risk incurred by putting their names on complaint and engaging in extensive informal discovery).

In evaluating the appropriateness of service awards, courts consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, … the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation." *Staton*, 327 F.3d at 977. Courts also compare the incentive awards to the total settlement by looking at "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015) (quoting *Staton*, 327 F.3d at 977). Incentive awards "are particularly appropriate in wage-and-hour class actions where plaintiffs undertake a significant 'reputational risk' by bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015). They "typically range from $2,000 to $10,000." *Id.*

As discussed below, application of these factors demonstrates that the relatively modest service award requested in the Settlement for the Class Representatives is warranted here.

### 2. The Class Representatives Devoted Substantial Time and Effort to this Litigation

"An incentive award is appropriate where … the 'class representatives remained fully involved and expended considerable time and energy during the course of the litigation.'" *Schaffer v. Litton Loan Servicing*, LP, 2012 WL 10274679, *19 (C.D. Cal. Nov. 13, 2012) (internal citation omitted). Plaintiffs' involvement included participating in the informal discovery process; conducting interviews with Counsel; participating in the preparation of pleadings filed on behalf of the class; soliciting updates on the status of the litigation; participating in settlement decisions; reviewing key documents including the settlement-related documents; and being deposed by Defendant, among other tasks. Frausto Decl. at ¶¶ 7-12, Suarez Decl. at ¶¶ 7-12.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Here, Plaintiffs have expended significant hours assisting in the prosecution of the case. Frausto Decl., ¶¶ 7-12, 16, Suarez Decl., ¶¶ 7-12, 16 (at least 45-50 hours each). Plaintiffs have maintained close contact with Class Counsel for the entire duration of their involvement with the case. They worked with their respective attorneys to assist in case strategy and settlement negotiations. Frausto Decl., ¶¶ 7-12, Suarez Decl., ¶¶7-12. Frausto and Suarez provided Class Counsel with documents related to their employment and provided valuable insight about their prior work experience with Defendant. Frausto Decl., ¶ 8, Suarez Decl., ¶ 8. Throughout this case, Frausto and Suarez kept in regular contact with Class Counsel at all stages, including settlement negotiations, preliminary approval, and final approval. Frausto Decl., ¶¶ 7-12, Suarez Decl., ¶¶ 7-12. These discussions with the Class Representatives were pivotal in formulating case strategy and were extremely helpful in resolving this case. Marquez Decl., ¶¶ 26-28.

In sum, the involvement and dedication of the Class Representatives has been a fundamental and essential element of this case. There would be no case, and no proposed settlement, without the contributions of Plaintiffs.

### 3. The Class Representatives' Efforts Resulted in Substantial Benefits to the Class

In addition to weighing the amount of time and effort expended by the class representatives, courts also consider the degree to which class representatives' efforts benefitted the class. *Staton*, 327 F.3d at 977 (internal citation omitted). The Class Representatives' contribution to this litigation will have a lasting impact on a class of 16,577 persons, providing real and substantial monetary relief. For these reasons, the "substantial benefit" factor weighs heavily in favor of awarding the Enhancement Awards requested herein.

### 4. The Class Representatives Faced Personal Difficulties and Risks Due to Their Involvement in the Litigation

Another factor that supports the awarding of service awards is whether the class representatives' service resulted in notoriety or other personal difficulties. *See, e.g., Schaffer*, 2012 WL 10274679, at *18. The California Supreme Court has recognized that "retaliation

17                                      Case No. 8:19-cv-02500

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

against employees for asserting statutory rights under the Labor Code is widespread," despite anti-retaliation statutes designed to protect employees. *Gentry v. Superior Court*, 42 Cal.4th 443, 460-61 (2007). In this context, class representatives should be rewarded for assuming the risk of retaliation for the sake of class members. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005).

The Class Representatives lent their names to this case and thus subjected themselves to public attention. When a class representative shoulders some degree of personal risk in joining the litigation an incentive award is especially important. *See Staton,* 327 F.3d at 977; *Weeks*, 2013 WL 6531177, at *36. Examples of risks to plaintiffs in commencing the litigation "includ[e] reasonable fears of workplace retaliation, personal difficulties, and financial risks." *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011).

The Class Representatives have also subjected themselves to substantial personal risks by participating in this case. They have risked their reputations in the community as a result of stepping forward publicly in a class action. Frausto Decl., ¶ 15. Frausto and Suarez have been subject to the rigors of litigation and have had to devote their own time and expenses in participating in the case. Frausto Decl., ¶¶ 6-17.

### 5. The Enhancement Awards Are a Small Fraction of the Settlement Amount

Here, the total of $10,000 each ($20,000 total) proposed enhancement awards comprises a mere 1.1% of the gross settlement amount of $1.89 million, and is therefore well within the range of reasonableness. *See*, *e.g.*, *In re On-Line DVD Rental Antitrust Litig.*, 779 F.3d 934, 937-38 (9th Cir. 2015) (approving incentive awards that comprised in the aggregate less than 1% of gross settlement value).

Indeed, when compared with the amounts awarded in typical class action cases, the amount requested here is particularly reasonable. A 2006 study examining the average incentive award given to class action plaintiffs from 1993 to 2002 found that the "average award per class representative was $15,992 and the median award per class representative was $4,357." Theodore Eisenberg & Jeffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Empirical Study*, 53 UCLA L. Rev. 1303, 1308 (2006).  That same study found that named plaintiffs in employment discrimination class actions received an average award of $69,850 and a median award of $31,081, while named plaintiffs in other employment class actions received an average award of $12,121 and a median award of $13,059.  *Id*. at 1334.  The authors of the study found that higher awards in employment cases reflected the "courts' wish to make representative plaintiffs whole by compensating them for the high costs of their service to the class, including risks of stigmatization or retaliation on the job."  *Id*. at 1308.

**6.    The Class Representatives Have Acted in the Best Interests of the Class**

The possibility of receiving a service award has not created a conflict between the Class Representatives and the class.  Frausto and Suarez understand that as Class Representatives they have been obligated to act in the best interests of the Class.  Frausto Decl. ¶ 5, Suarez Decl., ¶ 5.  Moreover, when they accepted the proposed Settlement on behalf of the Class, the Plaintiffs were fully aware that this Court may reduce their requested service award or deny it altogether.  Their support for the proposed Settlement is in no way conditioned upon the promise of a service award.

**7.    The Requested Service Award Promotes the Public Policies Underlying the Labor Code**

Approving the requested service award will promote important public policies underlying Plaintiffs' wage-and-hour claims.  Plaintiff's claims are brought under the California Labor Code, a remedial statute reflecting a strong public policy of robust employee rights.  *Murphy v. Kenneth Cole Prods. Inc.*, 40 Cal.4th 1094, 1103 (2007).  Furthermore, the State's strong public policy in favor of strict enforcement of minimum wage and overtime laws is well-established and fundamental to the Labor Code's protective purpose.  *See Sav-On v. Superior Court*, 34 Cal. 4th 319, 340 (2004).

Here, the Class Representatives have vindicated the important public policies underlying the State's wage and hours laws.  Frausto and Suarez felt strongly that the Bank violated California labor law, and they devoted significant hours to this case and made substantial sacrifices to see it through to a result that serves to vindicate California public policy.

19                         Case No. 8:19-cv-02500

Accordingly, this factor weighs heavily in favor of the requested service awards.

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs, through their counsel, respectfully requests that the Court grant final approval of the proposed class action settlement.

Dated: December 7, 2023                    Respectfully submitted,

                                          **WILSHIRE LAW FIRM, PLC**

                                          By: */s/ Justin Marquez*
                                                Justin F. Marquez
                                                Nicol E. Hajjar
                                                Thiago M. Coelho

                                                Attorneys for Plaintiff

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
CLASS REPRESENTATIVE ENHANCEMENT AWARDS